## HENRIETTA HIRSCH *v.* SHAFER, SCHWARTZ & CO.

1. PLEADING.   *Denial of partnership.*

   A person, sued as a member of a firm, can deny the partnership only by special plea, verified by oath.   Code 1880, ≬ 1633.

2. AMENDMENT.

   But where such defendant has failed to deny the partnership under oath, and has merely filed a notice that he is not a partner, which is treated by the plaintiff as a plea, or so as to mislead the defendant, he should, in order to bring the controversy fairly to trial, be allowed upon the trial to file the requisite sworn plea.

APPEAL from the circuit court of Washington county.

HON. R. B. CAMPBELL presided as special Judge by consent of parties.

Appellees, Shafer, Schwartz & Co., sued in this action of assumpsit Henry Dreyfus, Jacob Simon, and Henrietta Hirsch, alleging a partnership between them under the firm-name, H. Dreyfus & Co., and an indebtedness by said firm to plaintiffs. The suit was upon open account, duly verified, and judgment by default was rendered against Henry Dreyfus and Jacob Simon.

Mrs. Henrietta Hirsch filed a notice at the return term of the suit that she would object on the trial to the joinder of herself as a defendant, as she was not a partner in said firm, nor in any way connected with it.

The cause was continued as to her until the next term, and upon the trial, after plaintiffs had read their sworn account, she offered evidence to prove that she was not a partner, to which evidence plaintiffs objected because the partnership had not been denied under oath. Defendant's attorney then stated to the court that it was understood by him that the cause was to be tried at that term upon its merits, and upon the written notice and denial of partnership. Plaintiffs' attorneys denied that there was any understanding that the cause would be tried upon its merits, regardless of proper pleadings, and stated that they relied on the absence of the sworn plea, and had taken no steps to obtain their main evidence as to the defendant's liability as a partner.

The court sustained plaintiffs' objection. Thereupon defendant asked leave to file the plea under oath denying the partnership, and offered to pay costs accrued against her up to that time. This was refused by the court, and a peremptory instruction given to the jury to find for plaintiffs. Notwithstanding this, the jury failed to agree, and by consent of both sides were discharged.

Plaintiffs then moved the court for a judgment *nil dicit*, and defendant renewed her motion for leave to file the sworn plea denying the partnership. The court refused defendant's motion and sustained plaintiffs' motion for judgment *nil dicit*.

*Isaac Schlesinger*, for appellant.

It was error for the court to refuse leave to defendant, Henrietta Hirsch, to file a sworn plea denying the partnership. The unsworn plea or notice had been seen by plaintiffs' attorneys at the first term when it was filed, and they made no objection at the time they asked to have the case continued. Had they moved for judgment at the first term, then proceedings would have been proper, but the court would have allowed the proper plea filed, in order to bring the merits fairly to trial and further the ends of justice. By continuing the case, and making no objection, they have waived their right to require the statutory affidavit of denial of partnership. The court has so often held that the statute in reference to amendments shall be liberally construed, no citations are necessary.

The record does not bear appellees out in their statement that they relied on the absence of the oath, and did not take steps to procure witnesses. All their witnesses are shown to have been summoned to attend. If they relied on that, why not ask judgment at the return term ? Why continue and summon witnesses ?

To sustain defendant's motion for leave to file such plea, could have worked no injustice. Plaintiffs could not have been surprised, as they had seen the informal plea. Witnesses had been duly summoned. Whereas by the action of the court a great wrong and injustice was done to defendant.

*Isaac Schlesinger* argued the case orally.

*Phelps & Skinner*, for appellees.

We do not question the right of a court to permit a defendant to plead out of time, where a reasonable excuse is shown for not having pleaded in time. *McAdory* v. *Turner*, 56 Miss. 666 ; but the right is made to depend on whether " a reasonable excuse was made for not pleading sooner." In this case there was to be not only a plea, but a sworn plea.

What excuse does appellant give for not pleading in time ? None whatever ! When judgment was taken against the other two partners the cause was continued as to Mrs. Hirsch. She had an attorney to defend the case for her, and, as is usual, he had during the term to plead. It is every-day practice to continue cases on mere notice of a defense, on the call of the appearance docket, usually with leave to plead during the term. The return term passed without any plea, and at the next term plaintiffs had the right to rely on the statute in their favor. There was no excuse shown by defendant, and it was the right of plaintiffs to have judgment.

ARNOLD, C. J., delivered the opinion of the court.

The notice filed by appellant, to show that she was not a partner of the firm sued, was without authority of law, and presented no issue. The partnership could be denied only by special plea, verified by oath. Code, § 1633.

But if there was no mutual misunderstanding in regard to trying that issue without formal pleading on the part of appellant, the record shows that the notice referred to was treated by appellees as a plea, or in such manner, perhaps, as to mislead appellant, and she should, in order *to bring the controversy between the parties fairly to trial*, have been allowed to file a plea, denying the partnership under oath, as she sought to do. This would have been in accordance with the spirit of § 1581 of the code.

*Reversed and remanded.*