## WALKER BROS. *v.* NIX.

### [76 South. 143, Division B.]

1. PARTNERSHIP. *Denial. Verification of pleadings.*
   Under section 1975, Code 1906, so providing, plaintiff need not prove the partnership of defendants, where their plea denying it was not sworn to.

2. MASTER AND SERVANT. *Injury to servant. Contributory negligence.*
   The fact that a minor employee was watching a boiler, which was in danger of exploding, while he was guiding a log against a saw which injured his hand, was not contributory negligence on his part.

3. MASTER AND SERVANT. *Injury to servant. Negligence.*
   A saw mill owner was negligent in failing to furnish an employee a safe place to work, where the mill operated a boiler which momentarily threatened to explode, in close proximity to such employee while employed in guiding logs against a running saw.

4. DAMAGES. *Inadequate.*
   A verdict for two hundred dollars for the loss of three fingers by a minor while working in a sawmill was inadequate to compensate him for the injury sustained.

APPEAL from the circuit court of Clarke county. HON. W. W. VENABLE, Judge.

Suit by T. H. Nix, by next friend against Walker Bros. From a verdict for plaintiff both parties appeal. The facts are fully stated in the opinion of the court.

*J. A. Anderson,* for appellant.

. We think the court erred in refusing instruction No. 1, asked for on the part of the defendants. The testimony is overwhelming that there was no partnership between defendants at the time of plaintiff's employment, and at the time he was hurt the testimony shows that the mill was operated solely by G. E. Walker.

The testimony of plaintiff himself shows that his own negligence was the cause of the injury. (See his cross-

examination.) He said he was looking at the boiler at the time of the injury and not his work and that this was the reason he got hurt.

Other testimony of the case shows that plaintiff's job was on the ramp rolling logs, and that on the morning he was hurt at his suggestion he swapped jobs with John Cook. He told John Cook he was asleep when he got hurt. He told Jack Cook that it was his own carelessness that he got hurt and that he was asleep at the time.

The preponderance of the testimony shows that the missing dog was not necessary, nor, was it necessary for plaintiff to put his hand on the log. Plaintiff told J. L. Williams that it was his own fault he got hurt; that he was sitting up there asleep. J. D. Gibson carried plaintiff to Williams' house after he got hurt. Plaintiff said there that he got hurt and that it was his own fault. (See J. D. Gibson's testimony.)

Plaintiff told Earl Williams that he was asleep when he got hurt and that he had been up the night before. He also told Earl Williams that he was the sole cause of it, and that he did not blame the Walker boys a bit. Said he had gotten his money in settlement in this matter. (See testimony of Earl Williams.)

At Williams' house plaintiff said in the presence of J. D. Gibson, Earl Williams, J. L. Williams, and others that he went to sleep on his job and had he been noticing he would not have got hurt. (See testimony of each of these witnesses.)

We think the court erred in admitting the testimony of T. H. and James Nix as to any defect in the boiler. There was no allegation of a defective boiler in the declaration. We think the court erred in admitting the opinion evidence of J. L. and T. H. Nix as to the defective boiler. Plaintiff did not have any right to recover on the ground of a defective boiler. We think the court erred in refusing defendant's instruction No. 1. There was not sufficient proof of a partnership on the part of

plaintiff, and defendants' testimony conclusively shows that at the time of the injury there was no partnership and that G. W. Walker alone was interested in the mill.

We think that instruction No. 6 should not have been given plaintiff, while there was no plea of assumption of risk in this case still in undertaking the employment plaintiff assumed the risk · necessarily incident to his employment. We think this a case where the testimony not only for the defendants but of the plaintiff himself clearly shows that the sole cause of the injury done plaintiff was his own negligence, and the testimony further shows that for any injury he did receive he accepted the sum of forty-five dollars in full settlement for same.

We respectfully submit that this cause should be reversed and remanded for a new trial.

*T. G. Fewell* and *C. B. Cameron,* for appellee.

The fifth assignment of error is predicated on the granting to plaintiff of the sixth instruction, which instruction is here set forth: "The court charges the jury for the plaintiff that there is no question of assumption of risk in this case." Certainly counsel cannot be in earnest in urging this assignment before this court. The plaintiff was entitled to this instruction inasmuch as there was no plea of assumption of risk filed by the defendants.

Assumption of risk is an affirmative defense and to be availed of, must be pleaded. See 3 Encyc. Pleading and Practice, at page 114. "Assumption of risk—The defense that the plaintiff assumed the risks incident to the employment is also an affirmative defense and should be specially pleaded." Citations under above text: *Louisville R. Co.* v. *Orr,* 84 Ind. 50; *Mayes* v. *Chicago R. Co.,* 63 Iowa, 562; *Nichanbus* v. *Chicago R. Co.,* 90 Iowa, 85; *Walker.* v. *McNeil,* 17 Wash. 582; *Oregon Short Line R. Co.* v. *Tracy,* 66 Fed. 931. The above

has been the rule in Mississippi so long that we need not cite the court any authorities.

Not having pleaded assumption of risk, it was proper for the court to grant the instruction now complained of by appellant. The last assignment of error is based on the court overruling appellant's motion for a new trial.

We submit that a careful reading of this record will disclose no fact which would have authorized the court to set aside the verdict of the jury, except the inadequacy of the damages and there seems to be some doubt as to the power of the lower court to do this. Certainly this can be done and has been repeatedly done by this court under its rules governing cases before this tribunal.

Counsel contends that the record shows that appellee's own negligence was the cause of the injury. We take issue. The record shows abundantly that had the master furnished his servant with a reasonably safe place in which to work, that the servant would not have been injured. That this was his duty is not denied.

As to cross assignment of errors we earnestly and respectfully submit in conclusion that the record shows appellee to have been injured permanently through the negligence of the defendants and that this court should affirm same as to liability and reverse only for proper assessment of damages commensurate with the permanent injury and suffering of plaintiff.

In this connection we cite the court the following case of *Scott* v. *Y. M. V. R. R. Co.*, 103 Miss. 523, where chief Justice SMITH used this language: "The jury having found that appellant's injury was caused by reason of the negligence of appellee, it thereby became its duty to render such a verdict as would fairly compensate him, not only for his actual money lost but also for his suffering and disability.

The verdict rendered, which was the sum of .$100 is so grossly inadequate as to indicate that in arriving at

its verdict, the jury was influenced by passion and prej-
udice, etc.

Also the case of *Suitberry* v. *Meridian Fertilizer Fac-
tory,* reported in 106 Miss. 754, where Judge Cook char-
acterizes the award of two hundred dollars as being less
than market price of a good mule.''

Surely the loss of a thumb and two fingers from the
left hand by a young white man, leaving him a cripple
for life, is worth far more than the meager sum awarded
by the jury in this case of two hundred dollars.

We respectfully submit that this case should be af-
firmed as to liability and same reversed for the sole
purpose of awarding proper damages in keeping with
injury.

ETHRIDGE, J., delivered the opinion of the court.

T. H. Nix, a minor, was employed by the Walker
Bros., alleged to be a copartnership and engaged in
the operation of a sawmill in Clarke county, Miss., and
while so employed was assigned by a member of the
said partnership to duties in connection with the saw-
mill business, and was directed in the course of his em-
ployment to hold a log on the carriage while the same
was being sawed. It appears that the log carriage of
the sawmill had appliances called "dogs," which were
fastenings designed to hold the log on the carriage
while it was being sawed into lumber. Logs eighteen
feet or more in length were fastened with one of these
"dogs" at each end, but it was not the custom of the
firm to use a "dog" in the middle of the carriage for
such purposes, but where the log was under eighteen
feet it was only fastened at one end by means of a
"dog," and an employee of the company sat on the
carriage and held the log with his hands. At the time
of the injury the company was operating a boiler in
which the inspirator had failed to work satisfactorily,
and the water became low, and there was great danger

apprehended that an explosion might occur, and at the time of the injury the boiler was making a noise, and on account of the apprehension and the noise plaintiff was looking at the boiler, and the log ran on the saw at the place where he was holding and severed three fingers from the hand of the boy, the appellee in this suit.

The defendant pleaded the general issue, and gave special notice under the general issue that it would prove contributory negligence on the part of the plaintiff, and that at the time of the injury the party negligently turned his face away from the saw and was asleep at said time, and that the injury would not have occurred but for contributory negligence. It also filed a special plea of contributory negligence. It filed a plea also that there was no partnership between the Walker Bros. and the business was owned exclusively by G. E. Walker, one of the defendants, but this plea was not sworn to as required by section 1975 of the Code of 1906, and the plaintiff was not required to prove a partnership. It also pleaded in bar of suit a settlement for the injuries complained of for the sum of forty-five dollars. Replication was filed to the plea with reference to the settlement, setting up that the agreement was made while the plaintiff was under twenty-one years of age and voidable, and also that the settlement was not understood, nor agreed, to be in complete settlement of the injury, but was merely to cover the item of doctor's bill and loss of time during the time of the injury. There was a verdict for the plaintiff for two hundred dollars, and from the judgment defendants appeal and plaintiff takes a cross-appeal.

The evidence taken on the trial sustains the allegations of the plaintiff as to his contract and injury, and it appears from all of the testimony that at the time of the injury the plaintiff's attention was attracted to the boiler by reason of the noise it was making, and also that there was general apprehension of all parties pres-

ent that there would be an explosion of the boiler on account of the low water. We think the evidence shows that plaintiff's attention was attracted away from his duties by reason of the negligent operation of the boiler in its then dangerous condition, which was known to and recognized by all of the parties present, and that the conduct of the plaintiff in this particular does not constitute contributory negligence.

We think also it was manifest negligence on the part of the defendant to operate its saw under the existing conditions, and that it failed to provide a safe place for its servant, this employee, to work, and that on direct appeal there is no cause for reversal, and the judgment on direct appeal is affirmed.

On the cross-appeal we think the verdict was manifestly insufficient, and wholly inadequate to compensate him for the injuries received, and on cross-appeal the judgment is reversed, as to the amount of damages alone, and the cause remanded for a new trial as to the amount of damages only.

Affirmed on direct, and reversed on cross, appeal.

*Affirmed, reversed and remanded.*