# WILKINSON *et al. v.* GOZA.

(Division A. Dec. 12, 1932. Suggestion of Error Overruled Jan. 9, 1933.)

[145 So. 91. No. 30233.]

Thos. L. Haman, of Houston, for appellant.

40

Rush H. Knox, of Jackson, for appellant.

44

**B. H. Loving** and **Frank A. Critz,** both of West Point, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, M. A. Goza, instituted this suit against the British Islands Insurance Company and the Midland General Insurance Company, foreign insurance corporations, and W. A. Wilkinson, J. A. Wilkinson, and E. F. White, alleged to be a copartnership doing business under the name and style of the Houston Insurance Agency, on a fire insurance policy issued by the said insurance companies. There was no legal process issued for, or served on, the defendant insurance companies, and the cause having proceeded to trial as against the members of the alleged copartnership, the court, at the conclusion of the evidence, peremptorily instructed the jury to return a verdict for the appellee for the full amount of the policy sued on. From that judgment entered in pursu-

ance of this instruction of the court this appeal was prosecuted.

The declaration alleged that the said insurance companies, for a valuable consideration paid, issued and delivered to the appellee, through the agency of the appellants, W. A. Wilkinson, J. A. Wilkinson, and E. F. White, a copartnership doing business under the name and style of the Houston Insurance Agency, a certain policy of fire insurance covering a residence to the extent of four hundred dollars and the furniture contained therein to the extent of two hundred dollars; that while the policy was in full force and effect the said residence and furniture were totally destroyed by fire; that the said two defendant insurance companies were not, at the time of the making, issuance, and delivery of said insurance policy, authorized under the laws of the state of Mississippi to do business therein, and that such policy was not one authorized by virtue of section 5195, Code 1930, to be written by an insurance company not authorized to do business in the state of Mississippi, and that said policy or contract of insurance was made unlawfully through and by the said insurance agents, in behalf of said defendant insurance companies; and that, therefore, the said insurance agents, through whom said policy was made and issued, became and were personally liable thereon to the appellee for the amount of the policy. It was further alleged that after the loss of the said property by fire the appellee gave due notice of the loss to both the insurance companies and the said agents, and complied with all the requirements of the policy in that regard, and that payment of the amount of the policy had been refused by both the companies and the agents. Judgment was demanded against all the defendants.

To the declaration the appellants filed a plea of the general issue, and special pleas setting up the limitation provided by section 2301, Code 1930, as a bar to the suit, which was not filed within one year after the destruction

of the insured property, and also alleging that the appellants were not, and had never been, agents of or for the defendant insurance companies; that the insurance policy sued on was not made through or by the appellants, or any one of them, either directly or indirectly, for or on behalf of said insurance companies, as agents or otherwise; that the interest of appellee in the insured property was other than sole and unconditional ownership at the time of the issuance of the policy and at the time it was destroyed by fire; and that after the issuance of the policy on January 18, 1929, the building was not occupied in accordance with the terms of occupancy contemplated by the policy.

To the defensive matter set up by the appellants by way of notice under the general issue and special pleas, the appellee filed proper replications. To the special plea setting up the limitation provided by section 2301, Code 1930, as a bar to the suit, the appellee replied that the suit was not one for a penalty or forfeiture within the meaning of that statute, but was a suit on an insurance contract as authorized and provided by section 5195, Code 1930.

The facts as shown by the evidence were substantially as follows: The appellee desired insurance on certain farm buildings owned by him, and discussed the matter with the appellant E. F. White, who testified that he was at that time a field man for the Houston Insurance Agency. Mr. White went to the home of the appellee and inspected his residence and saw, if he did not inspect, the other residence or building which was afterwards destroyed by fire. Thereafter the appellee went to the office of the Houston Insurance Agency and discussed the matter of insurance with Mr. White and J. A. Wilkinson, and was informed by Wilkinson that they did not represent a company that would write the insurance, but that they could furnish him application blanks which might enable him to secure the insurance through cer-

tain brokers. The application blanks were then furnished the appellee and were filled out by an employee of the Houston Insurance Agency, signed by the appellee, and mailed from the office of said agency. The appellee thereupon delivered to White a check for the premium, payable to the Houston Insurance Agency, and this check was cashed for the agency by Mr. Wilkinson. A few days thereafter the Houston Insurance Agency received the policy applied for and indorsed thereon, "Paid, January 21, 1929, Houston Insurance Agency by E. F. White," and then mailed it to appellee with a letter, signed by E. F. White, thanking the appellee for the business and requesting his assistance in securing other insurance business.

After the insured property was destroyed by fire, the appellee notified the appellants of the loss, and they wrote him as follows: "We received your notice about your loss and have notified the company and they will send a man down to inspect same. Not necessary for you to come to Houston. Yours very truly. Houston Insurance Agency, E. F. White." The appellee also received a letter from the general agent who countersigned the policy acknowledging receipt of notice of the loss and inclosing blanks for proof of loss, a copy of this letter being forwarded to the Houston Insurance Agency. The blanks for proof of loss were filled out by the appellee and forwarded by registered mail to the said general agent.

It was agreed by the attorneys for the appellants and the appellee that neither the defendant insurance companies, nor the general agent representing them, was, at the time the policy sued on was written, authorized to do business in the state of Mississippi, as provided by the chapter on Insurance in the Mississippi Code of 1930 (Section 5114 et seq.).

On behalf of the appellants, and particularly the appellant E. F. White, it is contended that the court below

erred in excluding certain evidence tending to show that White was not a member of the copartnership at the time of his acts in connection with the issuance of the policy. It is expressly provided by section 1588, Code 1930, that: ''It shall not be necessary in any case to prove the persons composing a partnership which may be set forth in the pleadings, unless the same be specially denied by a plea, verified by the oath of the party pleading the same; and this rule shall apply to all pleas and legal proceedings to which the same may apply.'' In view of the provisions of this section, a partnership can be denied only by special plea, verified by oath, and none was filed in this case; consequently, the court committed no error in excluding evidence in denial of the partnership. Hirsch v. Shafer, 66 Miss. 439, 6 So. 229; Walker Bros. v. Nix, 115 Miss. 199, 76 So. 143; Id. (Miss.), 76 So. 563.

The appellants next contend that this suit, which was not filed until more than one year had elapsed after the fire, is barred under section 2301, Code 1930, providing that: ''All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after.''

The liability that is sought to be established against the appellants is predicated upon section 5197, Code of 1930, which provides that: ''An insurance agent shall be personally liable on all contracts of insurance unlawfully made by or through him, directly or indirectly, for or in behalf of any company not authorized to do business in the state.''

Section 5196, Code 1930, defining an insurance agent, provides that: ''Every person who solicits insurance on behalf of any insurance company, or who takes or transmits, other than for himself, an application for insurance, or a policy of insurance, or who advertises or other-

wise gives notice that he will receive or transmit the same, or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, collect or transmit any premium of insurance, or make or forward a diagram of any building, or do or perform any other act or thing in the making or consummation of any contract of insurance, for or with any such insurance company, other than for himself, or who shall examine into or adjust or aid in adjusting any loss for or on behalf of any such insurance company, whether any of such acts shall be done at the instance, or request, or by the employment of the insurance company, or of, or by any broker or other person, shall be held to be the agent of the company for which the act is done or the risk is taken as to all the duties and liabilities imposed by law, whatever conditions or stipulations may be contained in the policy or contract.''

The acts done by these insurance agents in examining or inspecting the risk, transmitting the application for insurance, collecting and transmitting the premium, and delivering the policy, and aiding in an attempted adjustment of the loss, clearly bring them within the terms of this statute defining insurance agents, and, by virtue of the provisions of this act, they must be held to be the agents of the companies issuing the policy. And since it is admitted that these companies were not authorized to do business in this state, section 5197, Code 1930, fixes a personal liability upon them on the contract of insurance so unlawfully made by or through them, which must be met, unless it can be avoided upon some one of the grounds of defense pleaded.

In an attempted avoidance of this statutory liability, the first contention of the appellants is that the liability sought to be imposed by this statute is penal, and therefore is barred by section 2301, Code 1930, which requires all actions and suits for the recovery of a penalty to be

brought within one year after the cause of action accrues. As said by this court in the case of Cain v. State, 103 Miss. 701, 60 So. 731, it is the policy of this state, as manifested by its statutory enactments, to prohibit wild-cat insurance companies, or companies not complying with our laws, from doing business in this state both for the protection of the citizens of the state and the insurance companies authorized to do business in the state. In pursuance of this policy there was enacted section 1006, Code 1930, which is strictly a penal statute, making it a misdemeanor punishable by fine and imprisonment for any person to do or perform any act which would, under section 5196, constitute him the agent of any insurance company not authorized to do business in the state. Section 5197 is, however, intended for the protection of the individual citizen who may contract for insurance through any such agent of a company not authorized to do business in this state. While this statute may be penal in the sense that it must be strictly construed, it is remedial as respects the insured who has been led by the unlawful act of such agent to make a contract with a foreign insurance company not authorized to do business in this state. The personal liability imposed by this statute upon the agent who acted unlawfully in procuring the execution of the contract is in the nature of that of a surety, and is designed not only to prevent the execution of such unauthorized contracts, but to protect the insured against loss occasioned by the unlawful acts of the agent of the insurer. In the case of Metzger v. Joseph, 111 Miss. 385, 71 So. 645, the court had under consideration the personal liability of bank directors, as imposed by statute, for the illegal payment of dividends, and held that such liability was not a penal one, such as is embraced within the terms of the statute providing a limitation of one year for the recovery of penalties. We think that case is decisive of the point presented in the case at bar, and in support of this view

we again call attention to, and cite the language of, the supreme court of the United States in the case of Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123, which is cited and quoted from in the Metzger case, supra.

The appellants further suggest that to hold that the liability imposed by this statute is not penal, as respects the rights of the insured thereunder, would render it violative of the Fourteenth Amendment of the Constitution of the United States and section 14 of the state Constitution of 1890; but their contention in this regard seems to be limited to the view that it abridges the privilege of contract and deprives the agent of the defense that he was acting solely as the agent of the insured. No authority is cited which supports the view that this act is unconstitutional, and upon reason we see no ground to so hold.

The policy provides that it shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, and the appellants contend that the evidence shows that the insured was not the sole and unconditional owner of the insured property, or at least that the evidence on that point raised an issue of fact to be decided by the jury. It has been repeatedly held by this court that the clause of insurance policies in reference to sole and unconditional ownership of the insured property has to do, "not with nice questions of title, to be precisely determined, but with beneficial, practical and equitable ownership," and that it was competent for the insured to testify that he was the sole and exclusive owner of the insured property. Groce v. Phœnix Ins. Co., 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732, and authorities there cited. The appellee herein testified that he was the sole and exclusive owner of the insured building and the land on which

it was situated, and detailed the manner by which he acquired the title. He also testified that he had been in the actual, open, continuous, adverse possession of the land for more than eighteen years. In support of their plea setting up as a defense that the insured was not the sole and unconditional owner of the insured property, the appellants offered the will of appellee's father, which was probated in Clay county more than forty years ago, and which purported to devise to the testator's children certain lands therein described by governmental subdivisions, and an effort was made to show that certain of these devisees had died in the state of Texas leaving descendants which might have an interest in the land upon which said building was located. This testimony was too indefinite to raise an issue of fact as to the ownership of the tract of land upon which the insured building was located, a particular description of which nowhere appears in this record. We do not think there is any reversible error in this record, and, therefore, the judgment of the court below will be affirmed.

Affirmed.