CROSBY *v.* KEEN

(In Banc.   Dec. 9, 1946.)

[28 So. (2d) 322.   No. 36246.]

**Morgan & Thornton**, of Kosciusko, for appellant.

**J. P. Coleman**, of Ackerman, for appellee.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

Appellee sued in the Circuit Court of Attala County on his promissory note in the amount of $1,000 due and payable to appellee on demand, which had been made and refused.

Appellant pleaded the general issue and gave notice thereunder of a set-off, alleging therein that he entered into a contract with appellee and a timber dealer named Landrum, operating as partners, to cut a certain tract of timber. He further alleged that "the said John Keen and J. L. Landrum thereby became indebted to the defendant in the total sum of $2,182.80. Said services to be paid for, when done, and the said J. L. Landrum and John Keen paid on said debt the sum of $1117.00 and there remains past due and unpaid on said account, the just sum of $1,065.80. The defendant therefore, files said debt as a set-off against the plaintiff herein, and of this he is ready to verify." Appellee filed no plea, verified by his oath, traversing this notice. The case, by agreement, was tried before the circuit judge without a jury, and appellee was given judgment for the principal amount of the note, interest, attorney's fees and cost.

During the progress of the trial, appellee undertook to introduce evidence that he and Landrum were not partners, as charged in the notice under the general issue. Appellant objected on the ground that such proof could not then be made, and that it was inadmissible because appellee had not specially denied the partnership by plea, verified by his oath, as required by Section 1751, Code of

1942. This objection was overruled, and its overruling is assigned as error here. The overwhelming weight of the testimony demonstrates that there was no such partnership. It is not necessary to go into details of it in view of the conclusion we have reached. Suffice it to say that the judgment of the trial court was amply justified.

However, in support of this assignment of error, appellant cites authority to sustain his objection to the evidence. In Wilkinson et al. v. Goza, 165 Miss. 38, 145 So. 91, 93, it was said: "In view of the provisions of this section, a partnership can be denied only by special plea, verified by oath, and none was filed in this case; consequently, the court committed no error in excluding evidence in denial of the partnership. Hirsch v. Shafer, 66 Miss. 439, 6 So. 229; Walker Bros. v. Nix, 115 Miss. 199, 76 So. 143; Id., Miss., 76 So. 563." Therefore, in the case at bar the learned trial judge would have been in error when he admitted this evidence, over the objection of the appellant, but for the fact that appellant himself first injected evidence of the partnership into the trial of the case, by his own testimony. Until then the appellee was not entitled to make proof that there was no partnership. Burns v. Clarksdale Production Credit Ass'n, 189 Miss. 34, 195 So. 588, construing Section 1480, Code of 1942, would not have saved the situation as that is a general statute, while Section 1751, Code of 1942, is a special statute dealing only with partnerships and is, therefore, an exception to the general statute. In other words, appellant was not content merely to offer evidence to prove the correctness of his allegedly off-setting account.

Appellant's evidence as to partnership relations between appellee and Landrum then and there established the competency of appellee's evidence in rebuttal thereof. The general rule is announced by Corpus Juris Secundum under the heading "Evidence admissible by reason of admission of similar evidence of adverse party." 31 C. J. S., Evidence, Sec. 190, p. 913. It is there said: "The party who first introduces improper evidence cannot object to

the admission of evidence from the adverse party relating to the same matter. However, the admission of such evidence is not a matter of absolute right, but rests in the sound discretion of the court, which will not permit a party to introduce evidence, which should not be admitted, merely because the adverse party has brought out some evidence on the same subject, where the circumstances are such that no prejudice can result from a refusal to go into the matter further.''

Here, the appellee introduced appellant as an adverse witness to establish the note, and introduced the note in evidence, and rested. Appellant thereupon, in his own behalf and by his own testimony and at a time when appellee had not referred to the matter in any way in his proof, first introduced evidence of the alleged partnership. As the recovery by appellee depended upon his refuting the charge that he and Landrum were partners, it readily appears how material the rebuttal testimony was. Hence, the circumstances were not such that no prejudice could result to appellee from a refusal to go into the matter further, and the trial court did not abuse its discretion by so doing.

In the Mississippi Digest, under Evidence Key No. 155 (1), the same sub-topic used by Corpus Juris Secundum dealing with Evidence and quoted above, we have several Mississippi decisions to the same effect as the general rule announced, supra. Meyer v. Blakemore et al., 54 Miss. 570; Leach et al. v. Shelby, 58 Miss. 681; Thayer Export Lumber Co. v. Naylor, 100 Miss. 841, 57 So. 227; Magruder v. Palmer, 109 Miss. 516, 69 So. 498. The trial court was not, therefore, in error in overruling appellant's objection to appellee's evidence introduced to disprove the alleged partnership, when offered.

The appellant also has assigned as error here the admission of evidence by Landrum that he had paid appellant all that was due him under the contract. This assignment must be overruled because the evidence was overwhelming, as stated, that no partnership existed between

Landrum and appellee; and no contract, therefore, was entered into by them as partners with appellant, and it would make no difference to appellee whether Landrum had paid appellant or not. Also, for this reason, we are not called upon and do not decide the validity of appellant's objection to the evidence otherwise. Landrum is not a party to this litigation.

In our opinion, the judgment of the trial court should be and is affirmed. Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.