CREECH, et al. *v.* RUNNELS, et ux.

Division B. Dec. 4, 1950.

No. 37696 (48 So. (2d) 869)

Alexander & Alexander, for appellants.

R. S. Tullos, for appellees.

Roberds, P. J.

In this bill Runnels and wife seek to set aside, as having been procured through misrepresentations and fraud of Creech, a conveyance by them to him of mineral rights and royalties, dated December 9, 1939, and also to annul subsequent conveyances of such rights and royalties by Creech to appellants Hawkins and Terry. The bill was sworn to and did not waive answer under oath. Defendants, in their unsworn answer, denied all fraud on the part of Creech, and further set up that, even though Creech had been guilty of fraud, Hawkins and Terry knew nothing of it and were innocent purchasers for value, and, therefore, had good title as against complainants. On motion, under conditions hereinafter shown, the chancellor struck the answer from the files because respondents did not swear to it and entered a decree pro confesso against the defendants, and then a final decree. From this action, defendants appeal.

They contend (1) it was error to strike the answer without notice to them; (2) complainants had waived affidavit to the answer; (3) the decree pro confesso was void because no written motion had been made therefor;

and (4) the final decree is a nullity because the bill states no cause of action.

We deem it necessary to pass only upon the first contention. The answer was stricken under these conditions: The bill was filed December 22, 1948. It was sworn to and did not waive answer under oath. Respondents were all non-residents. Publication for them was returnable to the January 1949 term of the court. At that term and on January 17, solicitors for respondents obtained a decree for thirty days additional time within which to plead. Answer was duly filed February 14, 1949. It was unsworn. It was prepared by an attorney of another state unfamiliar with our chancery practice. On June 28, 1949, by agreement of all parties, the cause was continued until the next term of the court. On September 24, during the term, complainants, in the absence of all respondents and their attorneys, and without notice to any of them, filed the written motion to strike the answer because of lack of affidavit thereto, which was sustained; whereupon, without written motion, a decree pro confesso was taken against all respondents, and then a final decree was entered setting aside the three conveyances above mentioned. Was it error to strike the answer without notice under these circumstances?

The principle controlling this situation is stated in Mississippi Chancery Practice by Griffith, Second Edition, Section 405, in these words: "But ██ while strict legal notice other than the constructive notice by the entry on the motion docket, is not required of the motion, except as is provided by statute or by some special rule, it will nevertheless be within the legitimate power of the court, upon principles of natural justice, to refuse to proceed, when the particular circumstances require such a refusal, unless the solicitor for the opposite party is shown to have had actual notice . . . more especially where the effect of an allowance of the motion would be to seriously and materially affect the opposite party,

either as to his procedural rights or as to his interest in the merits."

This cause is within the stated rule. Here not only was the answer stricken from the record, but a decree pro confesso was entered as if no answer had been filed, and then complainants proceeded to obtain a final decree adjudicating the merits of the cause without any proof whatever. The answer had been on file over seven months without any question having been raised as to the form or sufficiency thereof, and the trial of the cause had been continued one term by agreement of all parties. It appears that one of the solicitors for respondents was a resident of Texas and the others resided in Jackson. They had no reason whatever to anticipate this action. If they had known of the motion, they could have immediately attached proper affidavit to the answer and corrected the defect, and put the cause to trial on its merits. Hirsch v. Shafer, 66 Miss. 439, 6 So. 229. The policy of the chancery courts to keep counsel informed of decrees in litigated matters is disclosed by Rule 38, page 9, Annotated Rules of the Chancery, Circuit and Supreme Courts of Mississippi, reading "In all litigated matters or causes the solicitor who shall draw the decree shall submit the same to opposing counsel for criticism before presenting it to the Chancellor for his signature." This is mentioned merely to demonstrate the general policy of the chancery courts, not to adjudicate that the rule is binding upon the chancellors. We place our decision in the case at bar upon the broad principle that the steps here taken, under the circumstances, were inequitable and unjust, and the merits should not be adjudicated and determined in this manner.

Reversed and remanded.

**Alexander, J.**, took no part.