BANKERS FIRE & MARINE INSURANCE COMPANY
*v.* DUNGAN

No. 41792          April 3, 1961          128 So. 2d 544

692

*Watkins & Eager,* Jackson, for appellant.

*Albert D. Whitten, Breland & Whitten,* Sumner, for appellee.

ETHRIDGE, J.

The questions in this case are whether an insurance agent, who is unable to write a particular fire policy in his own company, and who procures one in another company through its agent, under a course of dealings between them, acts as the agent of the insurer and not of the insured; and if so, whether the first agent's knowledge of prior insurance on the property waives the "other insurance" clause of the new policy. We hold that both of these questions must be answered in the affirmative, and therefore affirm the judgment of the Circuit Court of Tallahatchie County.

The facts are summarized as the jury was warranted in finding them. Dungan, the plaintiff, owned a home more than one mile from the city limits of Charleston, Mississippi. For several years he carried a $2,250 policy of fire insurance on his residence and contents with the Northern Assurance Company, Ltd. This policy was written through Warren Hardy, doing business as the Valley Insurance Agency of Charleston. In early 1959, Dungan discussed additional insurance with Hardy, who gave him an inventory book in which to list his property, but he lost the book and did not go back to Hardy.

John B. Burnett, doing business as the Burnett Insurance Agency, Charleston, is an agent of State Farm Mutual Insurance Company. His father, Jess Burnett, runs the office but the son is the owner and agent. Dungan had his automobile insurance written by that agency, and in January 1959 he went to the agency to pay that premium. He talked to both of the Burnetts about additional fire insurance, and told them of the $2,250 fire policy with Northern Assurance Company, Ltd. About a week later Dungan returned to buy additional insurance on a five-year plan, which the Burnetts said would save him money. On that visit Dungan paid the first year's premium of $27.90, for $2,000 fire insurance on his home and $1,000 on the contents. He received a receipt for it.

Burnett did not tell him that he was unable to write the policy in his own company, because the property was more than one mile from town.

Burnett was not a formally designated agent of appellant, Bankers Fire & Marine Insurance Company. However, in early 1957 he worked out an oral arrangement with Robert F. Carpenter of Greenwood, a general agent representing appellant, by which, if Burnett's company could not write a policy, and if one of Carpenter's companies could, he would get Carpenter to write the coverage. Working together, Burnett obtained and Carpenter wrote 25 to 30 policies during the next two years. Burnett would get the description of the property, other pertinent information, collect the premium, and remit it to Carpenter. Carpenter then wrote the policies and remitted the premiums, less commissions, to the company. He then sent the policy to Burnett, who would deliver it to insured. Under this arrangement, Carpenter also remitted one-half of all commissions to Burnett. This agreement had been in operation at least two years before the Dungan policy was written by Carpenter.

Without Dungan's knowledge, Burnett called Carpenter, who wrote the policy in accordance with these prior arrangements, and sent it to Burnett, whose office manager personally handed it to Dungan. The policy was dated January 27, 1959. On April 4, 1959, the insured's house and contents burned. The policy contained a provision that other insurance covering the property was prohibited, unless otherwise stated thereon; and unless permitted, the existence of other insurance would invalidate Banker's policy. After the fire, Carpenter learned of the additional insurance. Appellant refused to pay Dungan. Appellant asserts that Burnett was not its agent, and it cannot be estopped from pleading the "other insurance" clause, since any knowledge of it by Burnett could not have been that of its agent, Carpenter, and of appellant. It is asserted that Burnett was the in-

sured's agent, and not the agent of the insurer. The jury returned a verdict for plaintiff.

The judgment will be affirmed on two grounds: (1) For this transaction, Burnett was the agent of the company under the general law of agency; and (2) he was the agent of the company under the provisions of Miss. Code 1942, Section 5706.

29 Am. Jur., Insurance, Section 138, entitled "Agent Procuring Policy in Another Company", summarizes the pertinent rule as follows: "According to the weight of authority, where an insurance agent who is unable or unwilling to sell insurance in his own company to one who has made application for insurance to him in his capacity as an agent representing an insurer and has not employed him as a broker to obtain insurance, procures insurance in a company not represented by himself, either by direct application to the company or through an agent of such company, he acts as the agent of the insurer and not of the insured, and in some jurisdictions it is expressly provided by statute that under such circumstances the insurer shall be charged with the agent's knowledge of any facts affecting the risk issued, and that he shall be considered the agent of the company issuing the insurance." See also 29A Am. Jur., Insurance, Section 1037.

There are a number of cases holding to that effect. For example, Pacific Fire Insurance Company v. Bowers, 163 Va. 349, 175 S. E. 763 (1934), is analogous in its facts. It was there held that the agent who procured the policy from another agent was acting in that instance as the agent of insurer, and her knowledge of any facts affecting the risk must be considered as knowledge of the company issuing the insurance. To the same effect are: New Brunswick Fire Insurance Co. v. Nichols, 210 Ala. 63, 97 So. 82 (1923); Camden Fire Insurance Ass'n v. Wandell, 195 S. W. 289, (Tex. Civ. App. 1917); Mc-Graw v. Germania Fire Insurance Co., 54 Mich. 145, 19 N. W. 927 (1884); Farmers and Merchants Insurance Co.

v. Wiard, 59 Neb. 451, 81 N. W. 312 (1899); Pollock v. German Fire Insurance Co. of Pittsburg, 127 Mich. 460, 86 N. W. 1017 (1901); Schoener v. Hekla Fire Insurance Co., 50 Wis. 575, 7 N. W. 544 (1880); Codd v. New York Underwriters Insurance Co., 19 Wash. 2d 671, 144 P. 2d 234 (1943).

Wilkinson v. Goza, 165 Miss. 38, 145 So. 91 (1933), follows essentially the above-stated rule. Insured desired insurance on some farm buildings. Wilkinson, the local agent, advised him that the companies he represented did not write such insurance, but he would furnish him application blanks and assist in securing insurance through brokers. The agent's employee filled out the application, had plaintiff sign it, and mailed it. Plaintiff paid the premium. A few days later the local agent received the policy, and mailed it to insured, thanking him for the business. The property was destroyed by fire. The insurance company and the general agent representing it were not authorized to do business in Mississippi. Under now Code 1942, Section 5707, an agent who writes insurance in a company not authorized to do business in the state is personally liable on the contract of insurance. Hence insured sued the local agents, and obtained a judgment. Personal liability is not an issue in the instant case, but other than that, the local agent, Burnett, is in the same relation to insured and appellant here as was Wilkinson to plaintiff and the foreign insurance company in *Wilkinson*. The Court quoted what is now Code 1942, Section 5706, defining insurance agents. It then said: "The acts done by these insurance agents in examining or inspecting the risk, transmitting the application for insurance, collecting and transmitting the premium, and delivering the policy, and aiding in an attempted adjustment of the loss, clearly bring them within the terms of the statute defining insurance agents, and, by virtue of the provisions of this act, they must be held to be the agents of the companies issuing the policy."

Miss. Code 1942, Section 5706, defines an agent broadly as one who solicits insurance on behalf of an insurance company, or who takes or transmits, other than for himself, an application for insurance, or who receives or delivers a policy of such company, or performs any other act or thing in the making or consummation of any contract of insurance. He is held to be the agent of the company for which the act is done. In the instant case, Burnett solicited the insurance and knew about the previous policy. He inspected the risk, collected the premium, issuing a receipt for it, delivered the policy, and shared equally in the commission with appellant's general agent. Burnett had been writing insurance through the Carpenter Agency for more than two years and for some 25-30 transactions. Under these circumstances, Code Sec. 5706, manifestly makes Burnett, *pro hac vice,* the agent of the insurer.

■■ Accordingly, his knowledge of the additional insurance is imputable to the company, and the trial court was warranted in finding that Burnett, on behalf of appellant, waived the other insurance clause. Liverpool & London & Globe Insurance Co. v. Delaney, 190 Miss. 404, 200 So. 440 (1941). ■■ A general agent of an insurance company ordinarily may employ subagents, clerks, and other employees to carry on the business of the agency. Their acts within the scope of their authority are binding on an insurer. 44 C. J. S., Insurance, Section 153; Paramount Fire Insurance Co. v. Anderson, 211 Miss. 372, 51 So. 2d 763 (1951); Aetna Insurance Co. v. Lester, 170 Miss. 353, 154 So. 706 (1934). So for the purposes of this particular transaction, Burnett was a subagent of Carpenter and therefore of the insurer. We are dealing here with an agent of a fire insurance company, who writes policies for the company, and not with a life and health insurance company. See Continental Cas. Co. v. Hall, 118 Miss. 871, 80 So. 335 (1919); Miss. Code 1942, Sections 5719, 5720.

The two cases particularly relied upon by appellant would support a contrary conclusion. However, they are distinguishable, and even if not, we do not think that they articulate the better rule, but in fact they represent a minority view. United Firemans Insurance Company v. Thomas, 82 F. 406, affirmed in 92 F. 127 (C. C. A. 7th, 1899), involved an insurance broker who was "employed" by insured to procure insurance for him. In Peddy v. Pacific Employers Insurance Co., 246 F. 2d 306 (C. A. 5th, 1957), the agent was a "broker". Neither of these cases involved an established operating arrangement between two agents, as does the instant case.

In summary, for this particular transaction the evidence amply warranted the jury in finding that Burnett was not the agent of insured, but was the agent of appellant insurance company, for two reasons: Because pertinent principles of agency law sustain this conclusion, and further, because Code Section 5706 requires it. See 16 Appleman, Insurance Law and Practice (1944), Section 8732, at pp. 170-171; cf. 44 C. J. S., Insurance, Sections 139, 140. The following cases reach this same conclusion by also applying statutes somewhat similar to Miss. Code Section 5706: Garrison Fire Insurance Ass'n v. Wandell, *supra*; Pollock v. German Fire Insurance Co. of Pittsburg, *supra*; Schoener v. Hekle Fire Insurance Co., *supra*.

Affirmed.

*McGehee, C.J.*, and *Kyle, Arrington* and *Gillespie, JJ.*, concur.