LEE, Justice,
for the Court:
Deaton, Inc. filed suit in the Circuit Court of Smith County against J. W. Ashley and Ross Blakeney on an open account in the amount of four thousand one hundred and fifty-two dollars ($4,152.00). At the conclusion of Deaton’s evidence, the court directed a verdict in favor of Blakeney and overruled a motion of Deaton for judgment notwithstanding the directed verdict. Default judgment was entered against Ashley in the full amount of the claim. From the judgment in favor of Blakeney, Deaton, Inc. appeals.
The question here is whether or not the trial court committed error in failing to hold that under Mississippi Code Annotated § 13-1-133 (1972) the existence of a partnership between Ashley and Blakeney was established as a matter of law.
Appellant charged in its declaration that Ashley and Blakeney incurred the indebtedness acting as partners and exhibited its properly verified account. Blakeney filed an answer denying that a partnership existed between Ashley and him, denying that Blakeney owed Deaton any amount, and admitting that he had paid nothing on the indebtedness for the reason that he owed the appellant nothing. No special pleas or affirmative matter were set forth in the answer. Blakeney did not execute a counter-affidavit that the account was incorrect nor did he deny under oath the existence of a partnership between the defendants.
D. H. Moore, Jr., vice president of operations, Deaton, Inc., was the only witness who testified in the case. The appellant furnished trucks and drivers for the purpose of hauling eleven (11) truckloads of watermelons from Williston, Florida, to Farmers’ Market, Jackson, Mississippi. Eleven (11) invoices were verified and made exhibits to the testimony of Moore. They reflect that the loads were shipped by Ross Blakeney from Williston, Florida, to J. W. Ashley, Farmers’ Market, Jackson, Mississippi. Moore testified that Ashley telephoned him on several occasions from Jack *544 son about shipping the produce via their truckline and Blakeney telephoned him a number of times from Williston, Florida about the contract. Also he telephoned Blakeney in Florida, but he never actually saw either Blakeney or Ashley.
Did the failure of appellee to deny under oath that he and Ashley were partners admit the existence of a partnership, and did appellant introduce evidence of the partnership which then entitled appellee to cross-examine Moore on that question?
Mississippi Code Annotated § 13-1-133 (1972) provides:
“In suits against one or more of several partners, founded on any written contract made in the partnership name, it shall not be necessary to prove the partnership signature, or that the defendant was a member of said partnership, unless the same be specially denied by plea, verified by the oath of the party pleading the same. It shall not be necessary in any case to prove the persons composing a partnership which may be set forth in the pleadings, unless the same be specially denied by a plea, verified by the oath of the party pleading the same, and this rule shall apply to all pleas and legal proceedings to which the same may apply.”
Appellee concedes that failure to deny under oath the existence of a partnership admits the existence of same under the above section and under cases decided pursuant thereto. Wilkinson v. Goza, 165 Miss. 38, 145 So. 91 (1932); Walker Bros. v. Nix, 115 Miss. 199, 76 So. 143 (1917); Hirseh v. Shafer, Schwartz & Co., 66 Miss. 439, 6 So. 229 (1889).
However, appellee contends that the following questions and answers by appellant opened up the matter of the partnership and gave him the right to cross-examine Moore about it in rebuttal.
“Q. Mr. Moore, do you know who ordered these shipments?
A. Yes, Sir.
Q. Who ordered the shipments?
A. They were ordered through me by J. W. Ashley and Ross Blakeney.”
When appellant rested, appellee moved for a directéd verdict in his favor “for the reason that the plaintiff has solely and totally failed to show that Ross Blakeney was in any way whatsoever associated with this transaction.” In other words, appellee’s motion for a directed verdict was based on the contention that no partnership between Blakeney and Ashley had been proved.
Appellee relies upon the case of Crosby v. Keen, 200 Miss. 590, 28 So.2d 322 (1946), which held that although the defendant failed to deny under oath the existence of a partnership, when the plaintiff introduced evidence of the partnership in the trial of the case, the defendant was then entitled to make proof that there was no partnership by way of rebuttal. In the present case, the questions (above stated) were not asked for the purpose of going into the partnership relation, but were proper to establish the account and to identify the parties ordering the trucks. Since the allegations in the declaration as to the partnership relationship were not denied under oath, at the conclusion of the appellant’s case, the existence of the partnership was an established fact.
Was the open account stated and proved according to law?
The account was properly verified and no counter-affidavit was filed by appel-lee. Consequently, he could not object to the correctness of the account and his only defense was payment, which he admitted had not been made, or no contractual liability. Pioneer-Hydrotex Industries v. Barfield, 247 Miss. 845, 157 So.2d 489 (1963); Sanders and Alexander, Inc. v. Jones, 221 Miss. 143, 72 So.2d 240 (1954).
The record reflects without dispute that Ashley was the consignee of the produce and that it was delivered to him at the Farmers’ Market, Jackson, Mississippi. Ap-pellee does not contend otherwise. Appel-lee’s defense was that Ashley and Blakeney were not partners and that Ashley, rather than Blakeney, was the person responsible for the indebtedness. However, as a matter of law from the pleadings, a partnership *545 existed between Ashley and Blakeney and they were both jointly and severally liable for the acts of each other. No additional proof could have been offered by Blakeney and appellant was entitled to the full amount sued for. When the trial court directed a verdict for Blakeney, appellant’s only alternative was to move for a judgment notwithstanding that directed verdict. It was error to direct a verdict for appellee and to overrule appellant’s motion.
The judgment of the trial court is reversed and judgment entered here for appellant.
' REVERSED AND RENDERED.
PATTERSON, C. J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.