## Magruder *v.* Palmer.

### [69 South. 498.]

1. Evidence. *Parol evidence. Effect of writing as to third persons. Admissibility. Similar testimony of adverse party.* .

   The rule which forbids the varying of written instruments by parol evidence applies only to the parties to the writing and in a suit against the seller by a broker for commissions for the sale of corporate stock, it was proper to admit evidence, that in addition to the consideration expressed in the contract of sale of such stock, the purchaser agreed verbally to assume the debts due by the corporation.

2. Evidence. *Admissibility. Similar testimony of adverse party.*

   In such suit, evidence that the purchaser did not assume the corporate debts, but declined to do so, should not have been excluded, where evidence had been admitted that the assumption of such debts was a part of the consideration of sale. .

Appeal from the circuit court of Forest county.

Hon. P. B. Johnson, Judge.

Suit by C. M. Palmer against Bixler for brokers commissions, wherein J. C. Magruder, trustee in bankruptcy intervened. From a judgment for plaintiff, the trustee appeals.

One Bixler, a newspaper publisher, employed C. M. Palmer, as broker, to dispose of his (Bixler's) stock of ten thousand eight hundred dollars in the Hattiesburg News Publishing Company, with paid-up capital of twelve thousand dollars. Lander & Ferrell, who bought the stock through Palmer, were to pay two thousand dollars in cash from the profits to be derived from a special homeseekers' edition of the paper shortly to be issued, and the stock held by Bixler was to be turned over to them. Bixler represented to Lander & Ferrell, in writing, that the corporate debts would not exceed seventeen thousand dollars and agreed

to make good to them any excess over that amount, which excess was to be deducted from the two thousand dollars cash payment mentioned. The homeseeker's edition was never issued. The written agreements of sale were silent as to the assumption of the seventeen-thousand dollars of debts, but did stipulate that Bixler was to be relieved as indorser on a note of five-hundred dollars of the corporation to a Mrs. Moffett.

Palmer sued Bixler for his broker's commission on the seventeen thousand dollars, and, pending disposition of the suit, Bixler was adjudicated a bankrupt, and Magruder, as his trustee in bankruptcy, intervened in the suit. The plaintiff recovered judgment. On the trial of the case the court admitted evidence to prove that, in addition to the consideration expressed in the written contract of sale, Lander & Ferrell verbally agreed to assume and pay the debts of the corporation, but declined to admit evidence of one Camp, a witness for appellant, that not only did Lander & Ferrell not agree to pay these debts, but, on the contrary, expressly declined to do so.

*Stevens & Cook,* for appellant.

That the writings in evidence constituted the sole, best and exclusive evidence is upheld by the following few out of an innumerable multitude of authorities: "Where parties embody their mutual agreements in a formal written instrument, it must be taken as containing all they then desired to preserve the evidence of, and that it is not competent afterwards, in a suit at law, to add to or subtract from it, by parol evidence of something which it should have contained or omitted. So held in the Mississippi case of *Cocke* v. *Blackburn,* 58 Miss. 537. "A" consideration recited in a written contract merely as a fact, may be varied by parol evidence, but when the stipulation of a writing concerning consid-

eration is contractual, it cannot be so varied. Where one partner sells his interest in the partnership to the other, and a bill of sale is executed reciting a stated price, part cash and a note for balance, it is not competent, in a suit at law, to show by parol that the purchaser assumed the debts of the partnership.'' Syllabus to case of *Thompson .v. Bryant,* 75 Miss. 12. We expressly invite the court's attention to that case and to the case of *Baum* v. *Lynn,* 72 Miss. 932, where the subject of the admissibility of parol evidence to alter or vary the terms of a written agreement was fully discussed.

In the 75 Miss. case the court said, on page 16: ''To permit appellant to show that Bryant assumed his part of the debts of Buford and Thompson, at the time he executed his note to appellant, would most certainly import a new element into the contract.'' And on page 15, ''It has been repeatedly ruled, in this court, that a contract cannot rest partly in writing and partly parol.'' Citing *Herndon* v. *Henderson,* 41 Miss. 584; *Wrenn* v. *Hoffman,* 41 Miss. 616; *Dixon* v. *Cook,* 42 Miss. 220; *Cocke* v. *Blackburn,* 58 Miss. 537.

To permit Lander and Ferrell to show by parol that they assumed and agreed to pay the debts of the corporation as a part of the consideration would import a new element.

On the general proposition that parol evidence is inadmissible to vary a written contract we cite the following additional authorities: *Coats & Sons* v. *Bacon & Co.,* 77 Miss. 320; *Feld* v. *Stewart,* 78 Miss. 187; *Hightower* v. *Henry,* 85 Miss. 476; *Ballard* v. *Brown,* 93 Miss. 104.

This proposition of the nonvariance by parol of the consideration when it is contractual is reaffirmed in the recent case of *Dodge* v. *Cutrer,* 56 So. 455, and in the opinion rendered in overruling the suggestion of error in the same case decided April, 1912, and reported in 58 So.

208, and also in the case of *English* v. *N. O. & N. E. R. R. Co.*; 56 So. 665. See the following cases also: 10 L. R. A. 104; *Registerer* v. *Carpenter,* 124 Ind.——24 N. E. 371; *Sayre* v. *Burdict,* 47 Minn. 367, 50 N. W. 245; both being cited in footnote to 3 Ency. Evidence, page 379.

"In *Hilton* v. *Homans,* 23 Me. 136, the plaintiff had executed a written agreement to transfer to the defendant his interest in a parcel of land for a specified consideration, and it was held that the plaintiff could not show by parol evidence a promise by the defendant, before or at the time of making the contract, to pay an additional consideration." Cited in note last referred to.

We therefore confidently submit that the court erred in allowing appellee to vary by parol the contractual consideration named in the writings. But if the court erroneously permitted testimony contradictory to the contract to be introduced by appellee then appellee was estopped from objection to testimony in rebuttal which was offered by appellant. See *Thayer Export Lumber Co.* v. *Naylor* (Miss.), 57 So. 227.

The rule of evidence excluding parol testimony varying writings is as binding upon Palmer in this suit as it would be on Lander & Ferrell if they were litigating with Bixler, because the percentage of Palmer is based upon the consideration of the transfer between Lander & Ferrell, and so the writings showing the contract between Bixler and Lander & Ferrell form the basis of Bixler's liability to Palmer. In other words, Bixler pays a percentage upon the consideration received from Lander & Ferrell. No attempt to show fraud in stating the terms of the contract between Bixler and Lander & Ferrell has been even winked at, and so the writings reflect the real agreement. See *Atlanta & B. Air Line R. R.* v. *Wood* (Ala.), 49 So. 426, holding that: "In an action by a mill owner for damages caused by the filling up

of the mill pond with dirt thrown into it by a contract for a railroad, the contractor may not testify as to the terms of the contract under which he is working, without producing the contract or explaining its absence, since such contract might tend to change the liability of defendant, and was not purely collateral to the issue."

*Tally & Mayson*, for appellee.

The case was tried in the court below and after all the testimony was in the court gave a peremptory instruction to the appellee. That was manifestly correct, as that was all that could legally be done under the circumstances. We respectfully submit that a perusal of the record will show that the court rendered the only judgment that could properly be rendered under the facts in the case. Of course, if Bixler could vary the written contract entered into and read into the said contract his contentions about the mortgage indebtedness although appellee knew nothing thereof, he might be permitted to prevail in this suit. His contentions though, as we see it, are really without merit. The appellee was entitled to recover on the actual physical value of the plant without reference to whether it was or was not encumbered in mortgage. It was the plant that he sold not mortgages. It was the property of the plant together with the good will, etc. that he sold at a certain price with certain commissions to be paid him on the consummation of the sale. He brought the parties together; caused a sale to be consummated and is now entitled to his commission.

SMITH, C. J., delivered the opinion of the court.

The rule which forbids the varying of written instruments by parol evidence applies only to the parties to the writing. *Whitney* v. *Cowan*, 55 Miss. 626. Con-

sequently the court below committed no error in admitting evidence to prove that, in addition to the consideration expressed in the written contract of sale by Bixler to Lander & Ferrell of his stock in the Hattiesburg News Publishing Company, Lander & Ferrell also agreed verbally, as a part of the consideration for this sale, to assume the debts due by the corporation.

The introduction by appellee of evidence that a part of the consideration of this sale was the assumption by Lander & Ferrell of debts due by the Hattiesburg News Publishing Company necessarily made competent that portion of the testimony of H. A. Camp, a witness for appellant, to the effect that Lander & Ferrell not only did not assume these debts, but, on the contrary, expressly declined so to do, and for the error in excluding it the judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*