WILSON ET AL. *v.* PEACOCK.

[71 South. 296.]

1. EJECTMENT. *Title to support action. By estoppel of defendant. Landlord and tenant. Estoppel of tenant. Operation. Actions in which effective. Trial. Excluding witnesses. Courts. Rules. Suspension.*

The plaintiff in an action of ejectment can only recover possession of land by the strength of his title, and not by estoppel of defendant to deny plaintiff's title by reason of the relation of landlord and tenant.

2. LANDLORD AND TENANT. *Estoppel of tenant. Actions in which effective.*

In an action to secure possession of land from a tenant who refused to deliver possession of land to his landlord after the expiration of his term, the landlord's title cannot be questioned by the tenant. In such case the title is not involved. The mere fact that defendant is the tenant of plaintiff obviates the necessity of any proof of title in the landlord.

3. TRIAL. *Excluding witnesses.*

The rule of excluding witnesses from the court room is but a rule of courts, and is not enforced unless invoked by the parties to the litigations.

4. SAME.

Before a party to a litigation can be kept from testifying, he must be given the alternative of testifying first or leaving the court room.

5. COURTS. *Rules. Suspension.*

Mere rules of practice should never stand in the way of permitting the jury to hear all the witnesses. The trial court has the power and should always exercise it, to relax or suspend all court rules, to the end that litigants may be assured of a full and fair hearing of their side of the controversy.

APPEAL from the circuit court of Sunflower county.

HON. F. E. EVERETT, Judge.

Suit by M. L. Peacock against A. A. Wilson and another. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. C. Moody,* for appellant.

*Chapman & Johnson* and *S. D. Neil,* for appellee.

COOK, P. J., delivered the opinion of the court.

This is a suit in ejectment for about ten acres of land located in Sunflower county, a thin strip of land lying along the southern portion of the north half of the south half of a certain described section. Appellee was the plaintiff and appellants were the defendants in the trial court. The court instructed the jury to find for the plaintiff, and of this instruction defendants complain. Appellants claimed that they obtained title to the land in controversy by adverse possession.

It was the contention of the plaintiff that defendants had rented the land from him after the expiration of ten years' adverse possession, and, having attorned to him as the landlord, they will not be permitted to deny their landlord's title to the land in this action in ejectment. This contention seems to have been approved by the trial court.

This is an action in ejectment to secure possession of
the land by the alleged owner of the legal title, and not
an action by the landlord against his tenant holding over
after the expiration of his lease. The plaintiff in eject-
ment can only recover possession of land by the strength
of his title; while in an action to secure possession of
land from a tenant who refused to deliver possession to
his landlord after the expiration of his term the land-
lord's title cannot be questioned by the tenant. The title
is not involved in the latter case. The mere fact that the
defendant is the tenant of the plaintiff obviates the ne-
cessity for any proof of title in the landlord. The land-
lord's title may not be questioned by the tenant at all.
He is estopped to do so by reason of the relation existing
between him and his landlord. If it be true that the court
below granted the instruction upon the theory that the
tenant was estopped to question his landlord's title, we
think he was in error. However, there is another ques-
tion in the record, and, if the court below correctly solved
that question against defendants, the judgment will
stand. So the case would be affirmed notwithstanding the
court erred upon the theory of estoppel, and it therefore
becomes necessary to consider the other question.

We quote from the record what occurred, viz.:

"Mr. A. A. Wilson (white), witness for the defend-
ant, after being first duly sworn, was presented to testify:

"Jury retired.

"By Mr. Neill: The plaintiff objects to Mr. Wilson
testifying in this case, because the rule was invoked, and
the defense failed to put Mr. Wilson on the stand first,
so we object to his testifying in this case, because the
rule was invoked, and he was in here, and was not put
on the stand to testify first.

"By the Court: When the witnesses in this case were
called the rule was invoked by the plaintiff. All of the
witnesses were called, the plaintiff, together with all of
the witnesses who had been called, was sworn, and the
court instructed the witnesses that they would have to go

out of the hearing of the court. The defendant was not sworn at that time as a witness, and after the plaintiff had rested his case, and witness, who it appears was agent of the defendant in reference to the property in litigation, testified, then the said defendant was called to the witness stand, whereupon the plaintiff objected. That objection is sustained in so far as the testimony of this witness will go to offer things not testified to by the witness Haynes, who was put on the stand by the defendant,. and as to other things that the defense might offer to show by the defendant not testified to by the witness Haynes he may do so, and the objection is overruled.

"By Judge Moody: The defendant who is the witness now has been present all of the time in the courtroom from the time this case was called until offered as a witness. The court was not asked by the plaintiff at the time that the witness Haynes took the stand to testify to exclude the defendant from the room if he expected to testify, nor did the plaintiff ask the court at any time to exclude the defendant from the room if he expected to testify.

"By Mr. Chapman: That the defendant gave no notice to the plaintiff that they would introduce one of the defendants as a witness, by notice or by calling the witness, the defendant Wilson to be sworn with the other witnesses.

"By Judge Moody: The attorneys for the defendant now state to the court that the reason they didn't call the court's attention to their purpose of having the defendant Wilson testify because they understood the law to be that, if the plaintiff wished him excluded, they must ask the court to do so, or call for him to testify first.

"By Mr. Chapman: And the plaintiff's attorneys state that they didn't call for the defendant Wilson to testify first, or to be excluded from the courtroom while the defendant's witness Haynes was testifying, because they didn't know that Wilson, one of the defendants, would be called as a witness in behalf of the defense, and,

second, because attorneys representing the defendants are old and experienced attorneys, and are presumed to know the law.

"The defendant then and there excepted to the ruling of the court.

"Jury returned.

"Counsel for the defendant states to the court that, in view of the fact that it is impossible for them to examine the witness the defendant A. A. Wilson without examining him in reference to some things testified to by witness R. L. Haynes, we are forced to keep him off the stand."

It must be conceded, we think, that the trial judge exercised a delicate discretion (if discretion he had) when he denied to the defendant the privilege of giving testimony in his own behalf. The rule of excluding witnesses from the courtroom is but a rule of court, and is not enforced, unless it be invoked by the parties to the litigation.

It would seem that the statement of eminent counsel the reasons why defendant was not sent from the courtroom should have appealed strongly to the court; while this court seems to have held that the court possessed the power to exclude a party to a lawsuit at certain stages of the trial if the trial judge deemed it essential to the discovery of truth. It is difficult for the writer to reconcile this holding with the undoubted right of a party to a lawsuit to conduct his own case, examine all of the witnesses, and argue on the facts to the judge and jury; and, if a litigant's lawyer who is also a witness must testify before any other witness has testified, I can imagine a case wherein the orderly presentation of facts might be seriously impaired. Speaking for the court, before a party to a litigation can be kept from testifying, he must be given the alternative of testifying first or leaving the courtroom.

Mere rules of practice should never stand in the way of permitting the jury to hear all the witnesses, and in

this case the record discloses that nothing save a rule of practice denied this substantial rule of justice to the defendants. The trial court has the power, and should always exercise it, to relax or suspend all court rules, to the end that litigants may be assured of a full and fair hearing of their side of the controversy. The record does not show any reason why the discovery of the actual truth would have been imperiled by the defendant's testimony, and, in the absence of such showing, we think the trial court erred in refusing to permit the witness to testify. This question has been discussed in several decisions of this court, and we find nothing in any of the cases inconsistent with our ruling in the present case. See *French* v. *Sale,* 63 Miss. 386; *Bernhein* v. *Dibrell,* 66 Miss. 202, 5 So. 693; *Smith* v. *Team,* 16 So. 492; *Kline* v. *Hazzlerigg,* 21 So. 11.

*Reversed and remanded.*