CHILCUTT *v.* KEATING.

April 5, 1954

No. 39174      59 Adv. S. 13      71 So. 2d 472

*Sims & Sims,* Columbus, for appellant.

*H. T. Carter,* Columbus; *Albert Davis,* Aliceville, Alabama, for appellee.

KYLE, J.

This case is before us on appeal by Mrs. Leota G. Chilcutt, defendant in the court below, from a judgment rendered against her by the Circuit Court of Lowndes County in favor of Mattie Lou Keating, plaintiff, for

the sum of $3,000, as damages for personal injuries alleged to have been sustained by the plaintiff as a result of the plaintiff's being struck by an automobile driven by the defendant.

The testimony shows that the accident occurred on Fifth Street South, commonly known as "Market Street", in the City of Columbus, at a point near the Princess Theater, on December 30, 1952, about 8:00 o'clock p. m. The plaintiff testified that at the time of the accident she was walking eastwardly across Fifth Street South at the intersection of said street with Third Avenue South; and that as she was crossing Fifth Street South, along the crosswalk used by pedestrians, the defendant approached the intersection from the east along Third Avenue South, and turned her automobile sharply to the right for the purpose of proceeding northwardly along Fifth Street South, and in making said turn struck the plaintiff and knocked her to the pavement, thereby inflicting serious bodily injuries upon her.

The defendant testified that she entered Fifth Street South a considerable distance below the Third Avenue South intersection; and that at the time of the accident she was driving northwardly along Fifth Street South above Third Avenue South intersection and was looking for a place to park, when the plaintiff stepped in front of her automobile and was struck and knocked to the pavement. The defendant stopped her car immediately and with the help of a by-stander lifted the plaintiff into her automobile and carried her to the Columbus Hospital.

There was a conflict in the testimony as to the direction in which the defendant was driving when she approached the crossing and as to the rate of speed at which the automobile was moving at the time of the accident. There was a conflict in the testimony as to the exact point where the accident occurred. The plaintiff testified that she was on the walkway at the intersection when she was struck. The defendant testified

that the accident occurred 50 or 60 feet north of the intersection. Both parties were on their way to the Princess Theater. Rain was falling. The plaintiff was wearing a plastic raincoat with a hood over her head; but she stated that she had the hood turned back far enough to enable her to see.

The plaintiff sustained serious injuries as a result of being struck by the automobile, including a fracture of the left side of the pelvis bone, and was confined in the hospital for several days. At the time of her injury she was employed by the Southern Bell Telephone and Telegraph Company as a telephone operator. She was unable to perform her duties as a telephone operator for a period of about three months. She received full pay for one month of that time and half pay for the other two months. She lost $245 in wages. Her hospital and medical expenses amounted to approximately $300. The doctor who examined her while she was under treatment at a hospital in Birmingham testified that she had sustained a permanent injury to the pelvis bone, and that it would be painful for her to stand in one position or to sit in a chair in one position for a long time. He stated that it would take from three to five months for the pelvis bone to heal.

The appellant has assigned several errors as grounds for reversal on this appeal. ▉▉▉ The first error assigned is that the verdict is against the overwhelming weight of the evidence. But we think that this assignment is not well taken. There was ample evidence to support the verdict of the jury.

The most serious question presented for our decision on this appeal relates to the action of the plaintiff and her attorney in disclosing to the jury the fact that the defendant had liability insurance coverage. While the plaintiff was testifying in her own behalf, she was asked by her own attorney the following questions and made the following answers: "Q. Now, Mattie Lou, he asked

you about Mrs. Chilcutt offering to pay your hospital bill, I want you to tell that jury who was in your room the next day down there after this accident? A. Bobby and Mrs. Chilcutt. Q. Was anybody else came down there that next morning wanting to get a statement from you? A. Yes, sir, Mr. Sims and the insurance man." The defendant's attorney immediately objected to the last question and answer, and moved to exclude the plaintiff's answer. The defendant's attorney also made a motion for a mistrial because of the reference made by the plaintiff to the insurance coverage. The court sustained the motion to exclude the plaintiff's answer to the last question propounded to her by her attorney, but overruled the defendant's motion for a mistrial.

In the case of Herrin, Lambert & Co. v. Daly, 80 Miss. 340, 31 So. 790, 92 Am. St. Rep. 605, which was decided by this Court in 1902, the Court condemned the disclosure in a case of this kind of the fact that the defendant's liability was insured against by an indemnity company. The question arose in that case in the following manner: On cross-examination of one of the defendants by the appellee's counsel the witness was asked if there was anyone back of his firm who would satisfy the judgment if obtained. The court overruled an objection to this, and for that error the judgment of the lower court was reversed. This Court in its opinion in that case said: "It could not conceivably throw any light on the issue, and could have no other tendency than to seduce a verdict on the ground that an insurance company, and not the defendants, would be affected."

The rule laid down in the Herrin case has been applied in many other cases since the Herrin case was decided. In the cases of M. & A. Motor Freight Lines, Inc. v. Villere, 190 Miss. 848, 1 So. 2d 788; and Petermann, et al. v. Gary, 210 Miss. 438, 49 So. 2d 828, ■■■ the Court held that reference by the plaintiff or by the plaintiff's attorney during the trial of a case of this kind

to liability insurance coverage carried by the defendant, is highly prejudicial and constitutes sufficient cause for the court to declare a mistrial, or for this Court to reverse the case on appeal.

However, in the case that we have here, the appellant herself informed the jury that she had insurance coverage, and having done so is not in a position to complain about the action of the trial judge in refusing to grant a mistrial on account of the improper reference made by the plaintiff to the insurance agent's visit to her while she was in the hospital. When the appellant was recalled for cross-examination by the appellee's attorney, immediately after the court had overruled her motion for a mistrial, she was asked the following question: "Mrs. Chilcutt, I want to ask you did you ever notify the policemen about this accident?" The appellant's answer was, "No, sir, I notified my insurance agent."

The trial judge instructed the jury to disregard the statements made by both parties concerning the insurance coverage; and the amount of the verdict indicates that the jury did disregard those statements.

The next point argued by the appellant's attorneys is that the court erred in refusing to grant certain instructions requested by the appellant, which appear on pages 113 to 120 of the record. We have carefully examined each of these instructions; and we think there was no reversible error in the refusal to grant the instructions. It is necessary that we comment on only one of the instructions, and that is, the instruction appearing on page 117 of the record. That instruction was properly refused because of the concluding language used in the instruction. The instruction was erroneous for the reason that it assumed as a fact that the plaintiff attempted to cross Fifth Street South at a point other than at the intersection, when in truth that fact was sharply disputed. The instruction, in that respect, was unlike the instruction approved by the Court in Brand, et al. v. Tinnin, 190 Miss. 412, 200 So. 588.

It is next argued that the court erred in allowing Bill Gaskin, a witness for the plaintiff, to testify over the objection of the defendant, notwithstanding the fact that he had remained in the courtroom after the rule had been invoked and had heard a part of the testimony of other witnesses. But it is well-settled by the decisions of this Court that the matter of permitting a witness to testify under such circumstances rests largely in the discretion of the trial judge, and this Court will not reverse a case because of a ruling of the trial judge on a question of that kind unless it manifestly appears that there has been an abuse of discretion. Wilson v. Peacock, 111 Miss. 116, 71 So. 296, 298; Savell v. Schultz, Baujan & Co., 213 Miss. 427, 57 So. 2d 151.

Finally, it is argued by the appellant's attorneys that the amount of the verdict is excessive, and that a new trial should be granted on that account. But we think there is no merit in that contention.

The judgment of the lower court is affirmed.

Affirmed.

*Roberds, P. J., and Hall, Lee and Holmes, JJ., concur.*