*Arrington, Ethridge, Rodgers,* and *Jones, JJ.,* concur.

ETHRIDGE *v.* GOYER COMPANY

No. 41866          June 5, 1961          131 So. 2d 188

*John S. Holmes,* Yazoo City; *Phillip Mansour,* Greenville, for appellant.

*Farish, Keady & Campbell,* Greenville, for appellee.

McGEHEE, C. J.

The appellant L. D. Ethridge was the employee of the Miller Petroleum Transporters, Ltd., on January 14, 1959, but on that date he was injured, while loading his truck for the transportation of gasoline from the place of business and premises of the appellee, The Goyer Company, at Greenville, Mississippi. He sustained his injury when he fell from atop of the transport truck to the ground, and the accident was allegedly due to the failure of The Goyer Company to exercise reasonable care to keep its premises in a reasonably safe condition for the use of the said employee of the Miller Petroleum Transporters, Ltd., as an invitee while he was engaged in loading his truck with gasoline. He alleged that one of the gasoline lines had not been properly lubricated and that it had become hard and stiff, and that this caused it to stick and be difficult to manipulate, and that on the occasion in question he lost his balance and fell from the top of his truck and sustained the injury complained of.

Section 6998-36, Miss. Code of 1942, being Section 30 of the Mississippi Workmen's Compensation Act of 1948, as amended, provides in part as follows: ''The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided.''

■■■ On the trial of this case of the appellant against the appellee, The Goyer Company, the attorney for the said defendant, in his opening statement informed the jury that the plaintiff had been receiving workmen's compensation payments during the period of his disability since his injury on January 14, 1959, and whereupon the plaintiff objected to the statement in regard to the receipt of the workmen's compensation payments, and which objection was sustained. Thereupon, the plaintiff moved for a mistrial and this motion was overruled. The attorney for the defendant discontinued his statement and announced to the court that "at the proper time further evidence would be presented." Thereafter, the defendant introduced before the jury, over the objection of the plaintiff, certain portions of the petition before the Workmen's Compensation Commission and proved that all of the medical expenses in connection with the plaintiff's injury had been paid and that his employer had made a "lump sum" settlement with him on his workmen's compensation claim.

In Dunn's Mississippi Workmen's Compensation at Section 142, it is said: "Where the employee sues a third party and neither his employer nor its carrier is a party, evidence as to the amount received by the plaintiff in compensation payments is not admissible."

In the case of Coker v. Five-Two Taxi Service, 211 Miss. 820, 52 So. 2d 356, the Court said: "The appellant also assigned as error that the Court erred in permitting the appellee on cross-examination of appellant, over objection, to testify to the amount of money that he had received under the Workmen's Compensation Law. We are of the opinion that this evidence was incompetent. 25 C. J. S., Damages, Sec. 99, states: 'Compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages, and, by

some authorities, this rule also applies to payment of salary or expenses.

" 'The wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him. Under this general rule, insurance in behalf of the injured person cannot be set up by the wrongdoer in mitigation of the loss.' To the same effect is 15 Am. Jur., Damages, Sec. 201.''

However, the appellee contends that the fact that the plaintiff had received workmen's compensation payments, his medical expenses and a lump sum settlement, was competent as admissions against interest in that the portion of the petition before the Workmen's Compensation Commission which were introduced in evidence disclosed that the amount of weekly wages received by the plaintiff from his employer was in a different amount than that shown by his testimony upon the trial of the instant case, and that the record before the Commission failed to disclose an injury to his neck and back as claimed by him upon the trial of the present case, and that therefore the portions of the record before the Workmen's Compensation Commission that the circuit court permitted to be introduced were competent as admissions against interest, and were competent to contradict testimony that the plaintiff gave in the trial of the case at bar in the circuit court. However, the jury was informed before any testimony was taken in the case at bar that the plaintiff had received workmen's compensation payments, and then, too, we think that the information in regard to the workmen's compensation payments, the payment of medical expenses and the fact of the lump sum settlement, even though the amount thereof was not stated, was very prejudicial to the plaintiff, and that when the prejudicial effect of this information is balanced and weighed against any consideration that should

be given to the fact that some of the information consist-
ed of statements against interests, the case should never-
theless be reversed and remanded for a new trial, since
we are unable to say that the verdict in favor of the de-
fendant, The Goyer Company, was not due to the fact
that the defendant was permitted to show that the plain-
tiff had been paid workmen's compensation benefits
throughout the period of his disability up to the date of
the trial, and that his medical expenses had been paid,
and that he had received a lump sum settlement of his
claim under the Workmen's Compensation Act. We
have concluded that the case should be reversed and re-
manded because of the error of the trial court in not sus-
taining the plaintiff's motion for a mistrial, even though
the jury was instructed not to consider such payments.

Reversed and remanded.

*Gillespie, McElroy, Rodgers* and *Jones, JJ.,* concur.