VANCE, PLAINTIFF-APPELLANT *v.*
HERVEY, DEFENDANT-APPELLEE

No. 43616          October 18, 1965          179 So. 2d 1

*Breland & Whitten,* Sumner, for appellant.

*Hugh N. Clayton,* New Albany, for appellee.

PATTERSON, J.

This appeal arises from a suit in tort as the result of a truck-automobile accident in Yalobusha County. The plaintiff appeals from a jury verdict for the defendant.

He assigns as error the introduction of certain evidence by the defendant evidencing the fact that plaintiff had received workmen's compensation payments. He further assigns as error the refusal of the court to grant one of the plaintiff's instructions in its entirety and assigns additionally the granting of certain instructions for the defendant.

The record discloses the following facts: About daybreak on September 10, 1963, the plaintiff was traveling southward in his automobile on paved U. S. Highway 51 approximately two miles north of Grenada, Mississippi, at a speed of from fifty to sixty miles per hour. At the same time the defendant was operating a truck and trailer southward along the same highway. The trailer was loaded with wooden crates or pallets stacked to a height of eight or nine feet above the bed of the trailer. Each of these pallets is approximately four by four feet and approximately five and one-half or six inches thick. As the truck proceeded southward a stack of these pallets became unfastened and fell from the trailer onto the highway, whereupon the driver of the truck, the defendant, stopped the vehicle on the west lane of the highway and started to dismount from the truck when he observed an automobile approaching the rear of his truck. This automobile struck the left rear of the truck, skidded across the road and ultimately came to rest facing northward in the northbound traffic lane.

The defendant testified that the truck was stationary at the time of the collision, and that the lights along the side and the rear of the truck were on though the headlights were not. He further testified that the highway was straight, level and dry and that visibility was good at the time.

The plaintiff's version of the accident and the conditions immediately prior thereto is as follows: He was driving south along the highway in his automobile, which

was in perfect operating condition; his headlights were on; the windshield wipers and defroster were on due to the fact the morning was foggy and hazy; visibility was such that a man could not have been seen more than 200 feet down the highway. Plaintiff testified that he saw some crates or pallets in the highway at the same time he saw the rear of the truck. He estimated the pallets to be fifteen to twenty steps from the rear of the truck and that he was in such close proximity to the pallets when they were observed that he was unable to apply his brakes. In an attempt to avoid the pallets, which he was unable to do, he lost control of his car and crashed into the left rear of the truck which, according to his version, was backing up the highway without the benefit of lights. As a result of the accident plaintiff's right knee was severely injured.

The record reflects by the testimony of the plaintiff that he had received an injury to his right knee in January of the same year as the result of an industrial accident, and that at the time of this accident his right leg and knee were in good condition as there had been a complete recovery from the prior accident. He introduced as a witness his local doctor who testified as to the first injury to the right knee, its severity, the convalescent period and ultimately that in his opinion there had been a complete recovery therefrom at the time the knee was reinjured in the automobile accident. The plaintiff also introduced the deposition of a pathologist as to the first injury, the resulting surgery, the convalescent period, and the degree of recovery therefrom.

██ █ The plaintiff was permitted to testify on cross examination, over the objection of his attorney, that he had received weekly insurance benefits from January 1963 through July 1964 for the first injury, and this is assigned as error. Plaintiff cites in support of his contention *Ethridge v. Goyer,* 241 Miss. 333, 131 So. 2d 188 (1961) and *Coker v. Five-Two Taxi Service, Inc.,* 211

Miss. 820, 52 So. 2d 356 (1951), arguing that these cases support his theory that evidence of workmen's compensation payments is incompetent in a suit between the injured party and a third party defendant, and that in a proceeding between the injured party and a defendant who has no connection with the injury for which the compensation payments were made, testified concerning compensation payments is incompetent, immaterial and calculated to be highly prejudicial to the plaintiff's rights. We are of the opinion that the cases cited pronounce sound law, but they have no application to the case at bar for the reason the plaintiff opened the subject of the industrial or first injury by introducing evidence in regard thereto. He cannot now complain of cross examination on the very matter he has introduced and which extends the evidence to show that compensation payments were made. See *Chilcutt v. Keating,* 220 Miss. 545, 71 So. 2d 472 (1954), *Crosby v. Keen,* 200 Miss. 590, 28 So. 2d 322 (1946), *Magruder v. Palmer,* 109 Miss. 516, 69 So. 498 (1915), and *Thayer Export Lbr. Co. v. Naylor,* 100 Miss. 841, 57 So. 227 (1911).

We have carefully examined each of the instructions which were assigned by the plaintiff as being error and erroneously granted as well as all of the other instructions given in the case, and when considered together, they correctly state the law of the case as related to the evidence, and that the plaintiff was not prejudiced thereby. We are of the opinion the assigned errors are not well taken and that the case should be affirmed.

Affirmed.

*Lee, C. J., and Gillespie, Brady, and Inzer, JJ.,* concur.