ROBERTSON, Justice:
The Defendant, William Henry Moore, has appealed from a verdict and judgment in favor of the Plaintiff, Arthur Wayman Chambers, for $60,000 damages: $45,000 of which was actual damages and $15,000 of which was punitive damages.
About 2:30 a. m. on February 13, 1965, the appellee was driving a tractor-trailer truck eastward on U. S. Highway No. 90 about nine miles east of Pascagoula, Mississippi. The appellant, in a 1960 Cadillac, turned into appellee’s lane of traffic and hit the left front of the appellee’s truck head-on. At the time of impact, the appellee had moved partially onto the shoulder of the highway in attempting to avoid the collision.
The appellant assigns as error:
1. The refusal of the trial court to allow the Appellant, William Henry *262 Moore, to testify in his own behalf inasmuch as the rule of excluding witnesses from the courtroom had not been invoked.
2. The refusal of the trial court to allow the Appellant, William Henry Moore, to testify even if the rule of excluding witnesses from the courtroom had been invoked.
3. The trial' court erred in submitting this case to the jury with instructions so confusing, as 'to the issues involved, that the jury could not intelligently determine what issues were actually being submitted to it.
On the trial of this cause, the appellant was called as the first witness, being called as an adverse witness by the plaintiff-ap-pellee. Cross-examination by counsel for the appellee fills thirteen pages of the record. Counsel for the appellant, as he had a right to do, declined at that time to directly examine the appellant at the close of the cross-examination.
The appellee put on other witnesses and then rested. Counsel for appellant put on two City of Pascagoula policemen and then offered the defendant-appellant as a witness in his own behalf. The following colloquy took place among the court, Mr. Cum-best, counsel for the appellant, and Mr. Gordon, counsel for the appellee:
“BY MR. CUMBEST: We call Mr. Moore, the defendant.
BY MR. GORDON: May it please the Court, Mr. Moore has sat in the courtroom while they started the defense of his case. They put on two witnesses while Mr. Moore was present in the courtroom.
BY THE COURT: What do you say?
BY MR. CUMBEST: We don’t deny that, Judge, that he has been sitting here but yesterday it was understood that his . questioning was only to an adverse witness. In my opinion the only thing that would have been testified to from the last two witnesses has nothing to do with what he hadn’t already testified to. There would be nothing added to it, nothing subtracted from it as far as his driving and as far as his drinking is concerned. I feel that we have been very fair in letting the other side put on their complete, almost absolute case right in the middle of the first witness, the plaintiff. Now then they subject us to this rule, I feel the Court should permit us to go ahead with the testimony of Mr. Moore.
BY MR. GORDON: May it please the Court, the rules of evidence and law apply to both sides. It is elementary to our objection that this witness is disqualified to testify.
BY THE COURT: That’s true. I have no alternative. He has been in the courtroom while you put on your case.
BY MR. CUMBEST: If I remember correctly, there was no rule invoked.
BY THE COURT: Yes, there was. Mr. Moore, you’ll have to step down.”
The rule of excluding witnesses from the courtroom was not invoked when the trial began. If it were invoked anywhere in the proceedings, it was invoked when Dr. Daniel J. Enger, the medical doctor who treated both the plaintiff and the defendant, was asked to take the stand as a witness for the defendant immediately after his examination as a witness for the plaintiff. At that time, the following statements were made by counsel for the plaintiff, counsel for the defendant, and the court:
“BY MR. LOWRY: That’s all.
BY MR. O’BARR: We have no further objections but at this time we would like to call Doctor Enger out of turn for the defendant. We could save a lot of time for the doctor.
BY THE COURT: Do you have any obj ections ?
BY MR. FAGGARD: We have no objections, no, sir.
*263 BY MR. GORDON: I think Mr. Moore would have to be excused, Your Honor.
BY MR. CUMBEST: We ask Mr. Moore to leave the courtroom now.”
Counsel for the appellee said nothing when counsel for appellant called as his first witness a policeman of the City of Pascagoula. Nothing was said by counsel for the appellee when the second policeman of the City of Pascagoula was called as the second witness for the appellant.
In VI Wigmore on Evidence, section 1842 (3d ed. 1940), it is said:
“It may be assumed that the power should not be exercised unless the witness, as above said, was aware of the order of exclusion; for the burden of causing every witness to be notified, and thus of preventing inadvertent violation, may fairly be placed upon the party demanding the sequestration.” (Emphasis added)
This Court has consistently followed the reasoning of Professor Wigmore and has ruled that before a party litigant can be kept from testifying “he must be given the alternative of testifying first or leaving the courtroom.” The appellant was offered no such alternative in the instant case.
In Wilson v. Peacock, 111 Miss. 116, 120-121, 71 So. 296, 297-298 (1916), this Court said:

“It must be conceded, we think, that the trial judge exercised a delicate discretion (if discretion he had) when he denied to the defendant the privilege of giving testimony in his own behalf. The rule of excluding witnesses from the courtroom is but a rule of court, and is not enforced, unless it be invoked by the parties to the litigation.

“* * * Speaking for the court, before a party to a litigation can be kept from testifying, he must be given the alternative of testifying first or leaving the courtroom.
“Mere ■ rules of practice should never stand in the way of permitting the jury to hear all the witnesses, and in this case the record discloses that nothing save a rule of practice denied this substantial rule of justice to the defendants. The trial court has the power, and should always exercise it, to relax or suspend all court rules, to the end that litigants may be assured of a full and fair hearing of their side of the controversy. The record does not show any reason why the discovery of the actual truth would have been imperiled by the defendant’s testimony, and, in the absence of such showing, we think the trial court erred in refusing to permit the witness to testify.” (Emphasis added)
There was no clear invoking of the rule until the appellant, on the second day of the trial, was called as a witness to finish his testimony begun the day before as an adverse witness. Before the plaintiff-ap-pellee finished his testimony, Dr. Enger was called out of turn as a witness for the appellee. Counsel for appellant made no objection, did not invoke the rule, and the appellee remained in the courtroom. Before the appellee returned to the witness stand, another witness for the appellee, Louis Boyd, was allowed to testify without objection by counsel for appellant, and with appellee still in the courtroom.
As in Wilson v. Peacock, the record in the instant case does not show “any reason why the discovery of the actual truth would have been imperiled by the defendant’s testimony.” Counsel for appel-lee invoked a mere rule of practice against a party litigant without assigning any reason except to say: “ * * * the rules of evidence and law apply to both sides. It is elementary to our objection that this witness is disqualified to testify.” Actually the rule had not been applied to the appel-lee because counsel for appellant had not invoked it, although there were several *264 opportunities where counsel could have done so.
The reasoning in Wilson v. Peacock was followed in Grimes v. Grimes, 197 Miss. 315, 317, 20 So.2d 662, 663 (1945), when this Court said:
“This is a proceeding in which the ap-pellee, the husband, was granted a divorce from the appellant, his wife. When the appellee rested his case the appellant, after introducing several witnesses, offered to testify herself, but on objection by counsel for the appellee the Court refused to permit her to do so. This is the only ruling of the Court below which justifies a reversal of its decree.
“The rule excluding witnesses from the courtroom had been invoked but the appellant remained in the courtroom and introduced several witnesses who testified in her behalf before offering to testify herself. This did not justify the court’s refusal to permit her to testify, for the reason that before introducing her witnesses she was not 'given the alternative of testifying first or leaving the courtroom, whichever she chose’, as required by Wilson v. Peacock, 111 Miss. 116, 71 So. 296.” (Emphasis added.)
The ruling of the trial court was affirmed where the rule of excluding witnesses was relaxed and the witness was allowed to testify even though in each instance the rule had been invoked and the witness had been in the courtroom during the testimony of other witnesses, in the following cases: Stokes v. State, 240 Miss. 453, 128 So.2d 341 (1961) ; Triplett v. State, 230 Miss. 707, 93 So.2d 654 (1957); Chilcutt v. Keating, 220 Miss. 545, 71 So.2d 472 (1954); Gillespie v. State, 215 Miss. 380, 61 So.2d 150 (1952); and Saveli v. Schultz, Baujan & Co., 213 Miss. 427, 57 So.2d 151 (1952).
We think that there is yet another reason why the appellant should have been allowed to testify. The first crack out of the box, he was called as an adverse witness by the appellee and cross-examined extensively, but at that time was not examined directly by his own counsel. Even if the rule had been invoked at the beginning of the trial, which it was not, when called to the stand as a witness in his own behalf the appellant was merely in the position of finishing his testimony already begun.
The jury was warranted in finding against the appellant on the conflicting evidence of this case, but an important right has been denied him because of a mere rule of practice, and the jury did include $15,-000 punitive damages in their verdict. We, of course, do not know what the appellant’s testimony would have been on direct examination, but the appellant had a right to give it and the jury had a right to consider it in arriving at their verdict.
The appellant also complains that the instructions given were confusing to the jury. Instructions 3 and 11 for the appellant were inconsistent and in conflict with the peremptory instruction granted appellee, but these errors were actually in appellant’s favor. Such errors in all probability will not be repeated on a retrial of the case.
The judgment of the lower court is reversed and this cause remanded for a new trial on the merits.
Reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, INZER and SMITH, JJ., concur.