ON PETITION FOR WRIT OF PROHIBITION
This matter comes before this Court on Petition for a writ of prohibition pursuant to Rule 32 of the Rules of the Supreme Court of Mississippi, seeking to prohibit Chancellor J. Shannon Clark from proceeding in cause number 34,981, entitled:
 COMMERCIAL NATIONAL BANK TRUST COMPANY OF LAUREL
 vs.
 CITY AUTO SALES, INC., SMALLWOOD AUTO SALES, INC., CROCKERS, INC., CHARLES K. CROCKER, MILDRED G. CROCKER, TOM H. GRICE, WALTER SMALLWOOD, DEBORAH DENISE HILL, RHONDA CAROLE CROCKER, MAX CROCKER, CHALMER L. KNIGHT.
in the Chancery Court of the Second Judicial District of Jones County, Mississippi. The petitioner claims that the chancellor lost jurisdiction by operation of Rule 47 of the Rules of the Supreme Court of Mississippi.
We disagree.
 FACTS April 29, 1983: The Bank filed an action in the chancery court against Crocker and others seeking a $177,000 judgment against Crocker and a judgment setting aside several alleged fraudulent conveyances by Crocker.
July 15, 1983: Crocker answered the suit and included in his answer a motion to transfer to the Circuit Court for trial by a jury.
November 18, 1983: Crocker called up the motion for transfer and the hearing was held upon that motion. When the hearing concluded, counsel for Crocker requested and was granted permission to submit additional authorities to the chancellor before the chancellor ruled upon the motion.
November 28, 1983: Counsel for Crocker submitted additional authorities to the chancellor by mail. In this letter of transmittal, Crocker's attorney requested the opportunity to present further argument on the motion if the chancellor was still not convinced that the motion was well taken. No order was entered taking the motion under advisement or reserving ruling.
July 5, 1984: The clerk of the Supreme Court of Mississippi certified that no writ of mandamus had been applied for to force the chancellor to rule upon the motion.
July 12, 1984: Crocker's attorney mailed a copy of the certificate of the clerk of the Supreme Court, along with his own "Certification of Serving Notice of Dismissal" to the attorneys for the Bank.
August 7, 1984: The chancellor signed an order overruling the motion for transfer to the circuit court.
The petitioner takes the position that from and after midnight July 3, 1984, the Bank's case against Crocker was dismissed and the chancellor lost jurisdiction because of the Bank's failure to seek mandamus in the Supreme Court to force the chancellor to rule upon the petitioner's motion to transfer. This occurred, argues the petitioner, by operation of Rule 47. *Page 1311 
In the alternative, the petitioner contends that if the entire case was not dismissed as of July 3, 1984, that at the very least the party, Crocker, movant in the motion to transfer, was dismissed as a party to that action, and that the chancery court had no further jurisdiction over him.
The respondent Bank contends that Rule 47 does not apply to motions but to cases, and, in the alternative, that if Rule 47 does apply to motions, it only serves to dismiss the motion to transfer as Crocker filed that motion and did not seek a mandamus to force the chancellor to rule upon his motion.
Petitioner further argues most strongly that his motion to transfer is based upon a constitutional right to trial by jury. This, of course, is a serious issue entitled to weighty consideration when properly before a court. It is not before us on this application for writ of prohibition.
Rule 47 in toto says:
 MANDAMUS TO REQUIRE TRIAL COURT DECISION
 If a trial judge in a civil case fails to render an opinion, ruling or finding within six months after taking a case under advisement or deferring such ruling or finding, any party in the case may apply to the Supreme Court for a writ of mandamus to compel the trial judge to render a decision on the matter taken under advisement or deferred. Application for a writ of mandamus must be made within forty-five (45) days after the expiration of six months from the date the case was taken under advisement by the trial judge.
 However, in cases taken under advisement by a trial judge before May 15, 1982, in which no opinion is rendered within six months after the date the case was taken under advisement, any party in such cases shall have until December 31, 1982 to apply for a writ of mandamus.
 If the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice. If a party who has filed a counterclaim or a cross-claim fails to apply for a writ of mandamus within the time prescribed, the counterclaim or cross-claim shall stand dismissed without prejudice.
 Application for a writ of mandamus by the party who filed the original complaint shall not relieve the party who filed a counterclaim or cross-claim from applying for a writ of mandamus within the time prescribed. Neither shall the application for a writ of mandamus by the party filing a counterclaim or cross-claim relieve the party filing the original action from applying for a writ of mandamus within the time prescribed. The party filing a complaint and the party filing a counterclaim or cross-claim may join in the application for a writ of mandamus.
The history and rationale of Rule 47 is found in Glenn v.Herring, 415 So.2d 695 (Miss. 1982). We need not repeat it here. The purpose of Rule 47 is to assure that a trial court will promptly render judgment in a case and thus terminate the litigation or trigger the appellate process. The function of the rule is reduction of delay, increase of judicial efficiency and economy and procedural safeguards for litigants.
Rule 47 only applies where the trial court has neglected to enter a judgment from which any party would have a right to appeal to this Court in due course. A motion to transfer is not such a judgment.
Litigants, in appropriate circumstances, may still avail themselves of mandamus independent of Rule 47, and by this opinion we in no way limit access to that remedy. See Boydstunv. Perry, 249 So.2d 661 (Miss. 1971).
The petition for Writ of Prohibition is denied. Our order of August 22, 1984, abating Cause Number 34,981, in the Chancery Court of the Second Judicial District of Jones County, Mississippi, is vacated. Said cause is returned to the docket of that court. *Page 1312 
ORDER VACATED, WRIT OF PROHIBITION DENIED, AND CAUSE REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
PATTERSON, C.J., not participating.