DAN M. LEE, Justice, for the Court:
The Town of Lucedale, Mississippi, appeals from an order of the Chancery Court of George County entered August 8, 1983. *224 The circumstances which resulted in that order are uncontested.
On May 6, 1975, George County Nursing Home, Inc., (hereinafter called the Nursing Home) filed a declaration in the Circuit Court of George County, Mississippi, against the Town of Lucedale. On motion of the Town, the case was transferred from the Circuit Court to the Chancery Court.
After conforming its pleadings to Chancery Court practice, the Nursing Home charged:
(1) that the Town of Lucedale adopted a resolution declaring necessary certain additions and extensions to the municipal water and sewer system into an area of the town where the Nursing Home owned property;
(2) that the Nursing Home owned only 31% of the front footage upon which the improvements abutted, but that it was assessed with 75% of the total assessment for the improvements; and,
(3) that the Town should be required to assess the improvements properly.
For answer to the bill of complaint, the Town of Lucedale admitted that the Nursing Home was charged with 75% of the total assessment but affirmatively pled:
(1) that the Nursing Home had asked for its property to be annexed by the Town;
(2) that the Nursing Home had asked for the municipal water and sewer system to be extended to its property; and,
(3) that the Nursing Home had agreed to pay the additional costs of the improvements, which the Town noted had to be greater than those required by strictly residential areas.
In response to the affirmative defenses, the Nursing Home admitted that it asked to be brought inside the city limits. The remainder of the Town’s allegations were denied.
On May 4 and May 5, 1976, the Chancery Court heard the case and took it under advisement to consider a decision. Years passed, and no decision was rendered. More than five (5) years later, on July 17, 1981, the Chancery Court entered an order removing the case from the active trial docket because no action had taken place in the case for the preceding twelve months. On August 20, 1981, the Chancery Court, upon being advised that the case had been tried on May 4 and May 5, 1976, and taken under advisement, remanded the case to the active trial docket.
On May 27, 1983, (more than seven (7) years after the case was heard), the Chancery Court rendered an opinion. The chancellor held that the case should be remanded to the Town of Lucedale so that the Town could assess the Nursing Home’s property in accordance with state statute.
On May 28, 1983, the Town of Lucedale pointed out that, under Supreme Court Rule No. 47, the case should stand dismissed without prejudice as of January 1, 1983. The Town reasoned that the opinion issued by the Court was, therefore, void. On August 8, 1983, the Chancery Court nonetheless proceeded to enter an order remanding the case to the Town of Luce-dale.
The single question on appeal is whether the lower court erred in rendering an opinion on May 27, 1983, and in entering a final decree on August 8, 1983, when, by operation of Supreme Court Rule No. 47, the case stood dismissed without prejudice as of January 1, 1983.
Rule 47 provides, in pertinent part, that
... [I]n cases taken under advisement by a trial judge before May 15, 1982, in which no opinion is rendered within six months after the date the case was taken under advisement, any party in such cases shall have until December 31, 1982 to apply for a writ of mandamus.
If the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice ....
Miss.Sup.Ct.R. 47. Based simply on a literal reading of Rule 47, the case below should have been dismissed without prejudice as of January 1, 1983. However,
*225 The purpose of Rule 47 is to assure that a trial court will promptly render judgment in a case and thus terminate the litigation or trigger the appellate process. The function of the rule is reduction of delay, increase of judicial efficiency and economy and procedural safeguards for litigants.
Crocker v. Commercial Nat. Bank & Trust Co., 455 So.2d 1309, 1311 (Miss.1984).
The case under consideration provides an example where the employment of the rule would work counter to the purpose behind the rule. If this Court holds that Rule 47 has operated to dismiss the cause, the Nursing Home would be forced to initiate proceedings de novo before the Board of Aldermen of the Town (now city) of Luce-dale. This would place them in the same posture as they were in prior to May 6, 1975, except that numerous obstacles (procedural and otherwise) might now be attendant. If this Court temporarily suspends Rule 47 for this case, then the matter will return to the Aldermen with the findings of the chancellor intact. Certainly judicial efficiency and economy would be better served by the latter option. The former would serve, primarily, simply to allow the appellant a “second bite at the apple.”
Rule 47 was intended to be used as a sword, to prod trial courts toward a timely determination of cases. Here, the Town of Lucedale is attempting to use the rule merely as a shield against an adverse decision. Rule 47 would have allowed “any party” to apply for a writ of mandamus prior to December 31,1982. Had the Town of Lucedale wished to employ the rule properly, it could have made timely application for a writ of mandamus and, thereby, have encouraged a speedier resolution. Also, it must be noted, this issue was not raised on or shortly after January 1, 1983, when, by a strict operation of Rule 47, the case might have been dismissed. Rather, the appellant, Town of Lucedale, waited almost five months, until the chancellor rendered an opinion on May 27, 1983, and then, on May 28, 1983, filed a notice of dismissal in response to the unfavorable ruling.
There is venerable law which supports the proposition that court rules may be suspended in the interests of justice. See, Dogan v. Cooley, 184 Miss. 106, 185 So. 783 (1939); Wilson v. Peacock, 111 Miss. 116, 71 So. 296 (1916). Likewise, Rule 33 of the Mississippi Supreme Court would also apply. It reads, in toto:
Rule 33
RULES MAY BE SUSPENDED
These rules shall be considered as general rules for the government of the Court and the conducting of causes; and as their design is to facilitate business and advance justice, they may be relaxed or dispensed with by the Court in any case where it shall be manifest to the Court that a strict adherence to them will work surprise or injustice.
Rule 33 has been employed in numerous cases where the draconian application of another rule would result in obvious inequity and unfairness. See Fairley v. State, 343 So.2d 483 (Miss.1977); Miss. Power & Light Co. v. Town of Coldwater, 234 Miss. 615, 106 So.2d 375 (1958), on suggestion of error, 234 Miss. 645, 112 So.2d 222 (1959); Richardson v. Cortner, 232 Miss. 885, 100 So.2d 855 (1958); Home Ins. Co. v. Watts, 229 Miss. 735, 91 So.2d 722 (1957), on suggestion of error, 229 Miss. 751, 93 So.2d 848 (1957); Ford v. City of Pascagoula, 228 Miss. 265, 87 So.2d 558 (1956); Watkins v. Taylor, 216 Miss. 822, 63 So.2d 225 (1953), on motion to correct judgment, 216 Miss. 836, 65 So.2d 461 (1953).
Under the authority of Rule 33, we are impelled to suspend the operation of Rule 47 in this case; to do otherwise would result in manifest injustice. The decision of the court below is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.