DAN M. LEE, Presiding Justice,
dissenting:
I believe the circuit court judge abused his discretion by dismissing this case. Dismissal is drastic punishment and should not be invoked except when the conduct of the party has been so deliberately careless as to call for drastic action. Peoples Bank v. D’Lo Royalties, Inc., 206 So.2d 836 (Miss.1968); Williams v. Whitfield, 249 Miss. 634, 163 So.2d 688 (1964).
Based solely upon a literal reading of Uniform Circuit Court Rule 4.01, the case below should have been dismissed by May 6, 1987; however, to do so would, in my opinion, result in manifest injustice. This state’s rules of court are intended to promote the administration of justice and to reduce expense. They are not for the purpose of hindering or defeating the administration of justice. Morrison v. Guaranty Mortgage & Trust Co., 191 Miss. 207, 199 So. 110 (1941).
Rule 4.03 of the Uniform Circuit Court Rules governs the dismissal of appeals for a failure to prosecute:
After the record is filed in this Court, if no action is taken and. none of the requirements of the above have been complied with, after sixty (60) days the appeal may be dismissed and the judgment of the lower court reentered, (emphasis added)
Under Rule 4.03, the Court is authorized to dismiss only upon a finding that the following have occurred:
1. The record has been filed in the circuit court;
2. Sixty (60) days have elapsed since the record was filed.
3. No action has been taken in the case; and
4. None of the requirements of Rules 4.01 and 4.02 have been complied with.
In the case at bar, appellant did not violate Rule 4.03 because “some” of the requirements were complied with, thus the spirit of the law was satisfied. More emphatically stated, the word none means n-o-n-e, not s-o-m-e.
The record reveals the following important chronology of events:
1. On March 5, 1987, after a hearing, the Mayor and Board of Alderman of Waynesboro suspended appellant as a police officer for a period of sixty (60) days without pay.
*1028 2. On March 13, 1987, appellant filed his Notice of Appeal with the Circuit Court of Wayne County, Ms. requesting that a transcript of the hearing be prepared and filed with the Circuit Court for appellate review purposes.
3. Record was transcribed and on April 6, 1987 it was filed in the Circuit Court of Wayne County, Ms.
4. Only thing that remained to unquestionably preserve appellant's appeal was file assignments of errors and brief within 30 days from the filing of the record with the chancery court, i.e., prior to or on May 6, 1987.
Appellant had taken action in the case and clearly expressed a desire to prosecute his appeal. In fact, appellant’s attorney offered a perfectly plausible excuse for not filing a brief on time:
In any event, Judge, since this thing has happened there has been communications back and forth between the attorneys in an attempt to try to conclude the matter. We probably should have moved it along quicker. At the point in time that I realized with Mr. Gunn that it was not going to be any real hope or prospect to settle the thing — and quite frankly, if the Court please, the brief had been prepared in my office by an associate of mine but was not filed for the very simple reason that we wanted to leave the door open if it could be concluded without — without proceeding to that point. When that became obvious to me, I filed the brief, served Mr. Gunn with a copy of it and the next thing I heard from Mr. Gunn was the fact that you’d been assigned the case and were concerned about the filing time and felt that, perhaps, a motion to dismiss should be — should be filed in the case. That’s my position in the matter.
5. On May 5, 1987 (29 days after the record of the hearing was filed with the Circuit Court and 60 days from the date of suspension), appellant was reinstated in his job as a patrol officer with pay henceforth. On or about a month later, another City Board reversed the re-in-statement.
6. In July, 1987, 90 days after the record was filed in Circuit Court, attorneys for both sides appeared in Circuit Court and agreed to submit the case to the court without further hearings with both sides to file briefs although no time limit was specified.
7. On January 1, 1988, Honorable Robert Bailey was appointed Circuit Judge of the Tenth Circuit Court District and was assigned the instant case. Judge Bailey contacted Attorney Gunn [city attorney] and expressed concern about the status of the case file, i.e., the filing time for appellant’s brief. Attorney Gunn' thereafter filed a Motion to Dismiss Appeal on behalf of The City of Waynesboro, Ms.
In my mind, the learned judge abused his discretion by suggesting to the city attorney to file a Motion to Dismiss Appeal. This was an act of precipitation.
Further, appellee offered no proof or claim that it had been prejudiced in any way because appellant’s brief was not filed until January 15, 1988.
In Bush Construction Company v. Walters, 160 So.2d 218 (Miss.1964), the appellee there filed a motion to dismiss an appeal because the record did not contain a final judgment. In overruling the motion, the Court said, “The case has not yet been set for hearing and no one has been injured by what has transpired. Therefore, justice demands that the motion to dismiss the appeal be and the same is hereby overruled.”
The case at bar presents a similar situation in that no one was injured by what transpired in the lower court prior to the dismissal of the appeal by the lower court.
This Court has faced the issue of whether a case was prematurely dismissed as recently as 1986. In the case of Town of Lucedale v. George County Nursing Home, 482 So.2d 223 (Miss.1986), we held that a literal application of Supreme Court Rule No. 47, which in effect dismissed the complaint therein, would result in manifest injustice. Our rationale for such holding was well-stated therein as follows:
There is venerable law which supports the proposition that court rules may be *1029 suspended in the interests of justice. See, Dogan v. Cooley, 184 Miss. 106, 185 So. 783 (1939); Wilson v. Peacock, 111 Miss. 116, 71 So. 296 (1916).
Town of Lucedale, supra, at 225.
In Town of Lucedale, supra, a nursing home brought an action challenging the method of assessment for certain improvements. The Chancery Court held the case and took it under advisement to consider a decision. More than seven years later, a subsequent chancellor rendered an opinion and the party against whom judgment was entered appealed, alleging that the case should stand dismissed without prejudice due to the length of the period during which the case remained under advisement.
The case sub judice is clearly analogous to Town of Lucedale, supra, and begs the same result.
I would reverse and remand for a full review by the learned circuit judge, acting as an intermediate appellate court. At stake are two (2) months of pay and the possibility that appellant’s work record could be expunged of any reference to having been suspended. This work record will no doubt play an important part in his pursuit of further positions within the Waynesboro police department or any other job applications and assure appellant that he is given his day in Court before we proeedurally bar him from contesting the merits of his case.